425 So.2d 1205 (1983)
HIALEAH HOSPITAL, INC., Appellant,
v.
Luis A. RAVENTOS and Ismael Hernandez, Appellees.
Nos. 82-581, 82-986.
District Court of Appeal of Florida, Third District.
February 1, 1983.
Barranco & Kellough and Steven Kellough and Peter H. Kircher, Miami, for appellant.
Spencer, Hass-Perlman, Hoffmann & Bloom, Coral Gables, and Henry J. Hunnefeld, Smith & Mandler and Mitchell W. Mandler, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Hialeah Hospital, Inc. sued Clinicas Pasteur, Inc., a Florida corporation, and the clinic's principals, Raventos and Hernandez, to collect a debt due it for services rendered to Clinicas. Hialeah's complaint alleged that Raventos and Hernandez were liable to *1206 it based on an agreement between these individuals, which provided, inter alia, (1) that two of the three medical facilities under the clinic's corporate aegis (Hialeah and Miami Beach) would thereafter be owned and operated by Hernandez, and the third (Northwest) by Raventos, and (2) that
"Hernandez ... shall assume all liabilities and receive all assets that have been incurred or created prior to said date with the exception that Raventos .. . shall assume and be responsible for all hospital bills and payment due doctors and professional persons due and owing for the Northwest members whenever they have been incurred."
Significantly, the agreement goes on to mention Hialeah Hospital, Inc. as an entity to which hospital bills are due and owing.
The trial court dismissed, with prejudice, the action against Raventos and Hernandez, and these appeals, consolidated by us, ensued. We reverse.
It is clear that "one for whose benefit a contract is made, although not a party to the agreement and not furnishing the consideration therefor, may maintain an action against the promisor." Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 822-23, 184 So. 852, 856 (1938); American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440 (Fla. 1930); Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556 (1909). Accord, Restatement (Second) of Contracts § 304. While it is far from certain that Raventos and Hernandez intended that Hialeah Hospital be a beneficiary of their agreement inter se, we are unable at this stage of the pleadings to draw the contrary conclusion that the agreement was designed solely for the benefit of Raventos and Hernandez, and that, therefore, Hialeah Hospital, Inc. was a mere incidental beneficiary. See, e.g., Muravchick v. United Bonding Insurance Company, 242 So.2d 179 (Fla. 3d DCA 1970). Since "[w]here a contract creates a right or imposes a duty in favor of a third person, the law presumes that the parties intended to confer a benefit on him and furnishes him a remedy," Auto Mutual Indemnity Co. v. Shaw, 134 Fla. at 823, 185 So. at 856, the complaint and the agreement attached thereto, aided by this as yet unrebutted presumption, states a cause of action against Raventos and Hernandez sufficient to withstand a motion to dismiss.
Reversed and remanded for further proceedings.