933 So.2d 19 (2006)
GREENACRE PROPERTIES, INC., Appellant,
v.
Radhakrishna K. RAO, Appellee.
No. 2D04-5569.
District Court of Appeal of Florida, Second District.
May 3, 2006.
*20 Steven H. Mezer, Keith D. Skorewicz, and Eric N. Appleton of Bush Ross, P.A., Tampa, for Appellant.
Jennifer J. Card of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg, for Appellee.
ALTENBERND, Judge.
Greenacre Properties, Inc., appeals a final judgment in the amount of $9300 in favor of Dr. Radhakrishna K. Rao. We reverse because Dr. Rao was not an intended third-party beneficiary of the contract on which he sued; he was not entitled to damages under section 720.303(5), Florida Statutes (2000), against an entity that was not a homeowners' association; and he was not entitled to damages for lost income under a negligence theory when he had sustained no bodily injury or property damage.

I. THE FIRST LAWSUIT
Dr. Rao owns a home and resides in a community called Van Dyke Farms. As a result, he is a member of the Van Dyke Farms Homeowners' Association ("the Association"). In 1992, the Association entered into a contract with Greenacre Properties, a property management company, for the management of the Association and its community facilities. Under the contract, Greenacre Properties was specifically charged with maintaining the financial records and other records of the Association.
*21 Since 1999, Dr. Rao and the Association have been engaged in a bitter dispute that seems to have been engendered by the construction of a small pond in his yard.[1] Viewed in the light most favorable to Dr. Rao, the evidence presented in this case suggests Greenacre Properties may have advised the Association's board of directors that Dr. Rao was not in compliance with certain restrictive covenants and recommended the Association file suit at a time when Greenacre Properties knew or should have known that there were no existing violations. In May 1999, the Association filed a lawsuit against Dr. Rao and his wife, seeking injunctive relief related to alleged violations of deed restrictions. Dr. Rao responded to the complaint and, as part of his defense, alleged that the Association was selectively enforcing the restrictive covenants against him. Greenacre Properties was not a party to this previous lawsuit.
In October 2000, while this previous lawsuit was pending, Dr. Rao contacted Greenacre Properties and asked to review all files kept by Greenacre Properties for the Association for the period between January 1998 and November 2000. This request was apparently made as an indirect method to obtain discovery in the pending lawsuit between Dr. Rao and the Association. In November, Dr. Rao went to the offices of Greenacre Properties to review these records but was only permitted to review the "official records" of the Association as defined in section 720.303(4). The attorney for the Association had advised Greenacre Properties that it should only permit review of the official records and not all of the records in its possession.
The issues surrounding the production of these documents presumably could have been resolved in the previous lawsuit through motions to compel the Association to produce the documents. Apparently without a resolution of these issues, the lawsuit between the Association and Dr. Rao went to trial in September 2002. At the conclusion of that trial, the trial judge dismissed the Association's complaint for injunctive relief and rejected Dr. Rao's claims of selective enforcement. In his oral pronouncement, the trial judge opined that the protracted litigation between the parties was the result of a simple misunderstanding the parties should have resolved between themselves. The trial judge concluded that Dr. Rao was the prevailing party in the litigation and thus entitled to attorneys' fees pursuant to section 720.305(1). The trial judge limited the award of attorneys' fee to $5545, however, based upon a finding that both parties had incurred unnecessary or unreasonable attorneys' fees during the litigation.

II. THIS LAWSUIT
On January 23, 2001, while the lawsuit between Dr. Rao and the Association was still pending, Dr. Rao filed this lawsuit against Greenacre Properties. One count of the complaint against Greenacre Properties alleged that Greenacre Properties breached its contract with the Van Dyke Farms Homeowners' Association, based upon the theory that Dr. Rao had rights under that contract as a third-party beneficiary. This count claimed that Greenacre Properties breached the contract by failing to produce records to Dr. Rao for inspection, failing to adequately maintain the records of the Association, and failing to provide *22 Dr. Rao with "necessary notices" that the Association was required to send to Dr. Rao.
The second count of the complaint alleged that negligence on the part of Greenacre Properties resulted in damage to Dr. Rao. This count alleged that Greenacre Properties negligently performed its duties under the contract with the Association, specifically related to the requirement to provide certain notices to Dr. Rao or to keep and maintain the Association's records. This count stated, "As a result of [Greenacre Properties] failing to perform their duty under the Agreement, [Dr. Rao] has suffered damages, as well as emotional stress and physical hardships."
As Dr. Rao's case against Greenacre Properties progressed, it became clear that Dr. Rao was seeking as part of his damages the approximately $30,000 he had paid to attorneys to represent him in the lawsuit between him and the Association. Prior to trial, the circuit court ruled that Dr. Rao could not claim these expenses as damages in this action, given that the trial judge in the preceding action had awarded Dr. Rao attorneys' fees but found that the majority of the fees incurred were not reasonable or necessary.
The case proceeded to a nonjury trial, at which Dr. Rao asserted that the 1999 lawsuit initiated by the Association was unfounded and based upon faulty information provided by Greenacre Properties. Dr. Rao also testified about the incident in 2000 when Greenacre Properties denied him access to certain records of the Association when he requested them.[2] Regarding his damages, Dr. Rao testified that he suffered severe emotional distress as a result of the prior litigation with the Association. He asserted he missed seventeen days of work for hearings, depositions, and inspections related to the litigation, seven additional days due to rescheduling various appointments because of the demands of the lawsuit, and thirty-three hours of work for telephone conferences. Dr. Rao, who is a pediatric neurologist, testified he normally receives revenue of $275 per hour or $3000 per day.
After the trial, the circuit court entered a nineteen-page judgment that has all of the indicia of a judgment prepared by plaintiff's counsel.[3] In the judgment, the trial court concluded that Dr. Rao was a third-party beneficiary to the management contract between the Association and Greenacre Properties and that Greenacre Properties had breached the agreement. The court held that Dr. Rao was entitled to statutory damages under section 720.305 in the amount of $500. Finally, the court determined that Greenacre Properties had been negligent in fulfilling, on behalf of the Association, its duties to Dr. Rao concerning these records. The court awarded Dr. Rao $8800 in damages, representing his lost earnings or earning capacity because the earlier lawsuit between the Association and Dr. Rao had distracted Dr. Rao from his professional duties. Accordingly, the trial court entered judgment for Dr. Rao in the total amount of $9300 against Greenacre Properties.[4] We reverse as to all of these decisions.

*23 III. A HOMEOWNER IS NOT GENERALLY A THIRD-PARTY BENEFICIARY TO AN AGREEMENT BETWEEN A HOMEOWNERS' ASSOCIATION AND ITS MANAGEMENT COMPANY
Chapter 720, Florida Statutes (2000), regulates homeowners' associations. Under this chapter, homeowners' associations have certain powers and duties, and must maintain certain records. See § 720.303. It is common for a homeowners' association to contract with a property management company to fulfill some of the association's duties. These contracts may provide incidental benefits to homeowners who are members of the Association, but they are not usually intended to directly benefit the homeowners.
The management agreement between Van Dyke Farms Homeowners' Association and Greenacre Properties is a typical management agreement. Greenacre Properties is required to perform certain functions for the Association. The contract does contain a paragraph that states: "All records kept by [Greenacre] shall be kept at the office of [Greenacre] and shall be available for inspection during [Greenacre's] office hours by association members." The manager, however, is "responsible to the Board of Directors concerning the management and operation of the Association." Greenacre Properties is required to "assist the Board or committees in administering the Rules and Regulations promulgated by the Association." The contract contains an indemnification clause in which the Association agrees to indemnify Greenacre Properties as its "agent."
As a general rule, a person who is not a party to a contract cannot sue for a breach of the contract even if the person receives some incidental benefit from the contract. A third party must establish that the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member. See Caretta Trucking v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994).
This contract creates no express rights for the homeowners vis-a-vis Greenacre Properties. While the homeowners may incidentally benefit from the record-keeping efforts of Greenacre Properties, it cannot be disputed that Greenacre Properties is performing that function primarily for the Association to assure that the Association fulfills its legal obligations under chapter 720. In a similar context involving a condominium association, this court has held that the condominium owners were not third-party beneficiaries of a management agreement entered into between a condominium association and its management company. See Clearwater Key Ass'n  S. Beach, Inc. v. Thacker, 431 So.2d 641, 645 (Fla. 2d DCA 1983).
In holding that Dr. Rao was an intended third-party beneficiary, the trial court's judgment relied on Hialeah Hospital, Inc. v. Raventos, 425 So.2d 1205 (Fla. 3d DCA 1983). In that case, however, Hialeah Hospital sought payment of a debt pursuant to a contract between two individuals that specifically asserted that there were debts owed to Hialeah Hospital and designated who would be responsible to pay the debts to the hospital. Further, the case involved an order dismissing a complaint for failure to state a cause of action, and the holding asserted simply, "[W]e are unable at this stage of the pleadings to draw the . . . conclusion that . . . Hialeah Hospital, Inc., was a mere incidental beneficiary." Id. at 1205.
*24 To the extent Dr. Rao's breach of contract claim involves Greenacre Properties' refusal to provide Dr. Rao access to certain records of the Association, the merits of his claim are particularly tenuous. Under the facts of this case, the Association instructed Greenacre Properties, as its agent, not to produce certain documents to Dr. Rao. We do not need to decide whether Dr. Rao was entitled to see the documents he requested under the broad language of the contracts, even if the documents were not official records for purposes of chapter 720. We merely determine that Greenacre Properties was an agent with but one master. When the Association ordered Greenacre Properties not to disclose these documents, Greenacre Properties was entitled, if not required, to obey that instruction. There is nothing in the contract or in chapter 720 that would create an obligation on the part of Greenacre Properties to obey the varying commands of individual homeowners, especially when they conflict with the instructions of the Association with whom it had a written agency agreement. Whether the documents were subject to production was a matter between the Association and Dr. Rao that could have been sorted out in their lawsuit; it was not a matter that Dr. Rao could directly enforce under third-party rights. Accordingly, the trial court erred as a matter of law when it concluded that Greenacre Properties had breached a contractual duty that it owed to Dr. Rao.

IV. GREENACRE PROPERTIES IS NOT A HOMEOWNERS' ASSOCIATION SUBJECT TO THE PENALTIES CONTAINED IN SECTION 720.303
The judgment recites that Dr. Rao is entitled to $500 in statutory damages for the failure of Greenacre Properties to comply with section 720.303(5).[5] Section 720.303(5) addresses a homeowners' association's obligation to maintain official records that are open and available for inspection by members of the association. Under section 720.303(5)(b), "a member who is denied access to official records is entitled to the actual damages or minimum damages for the association's willful failure to comply with this subsection." "Minimum damages" are defined as $50 per day for a maximum of ten days.
At the outset, we must note that Dr. Rao did not plead a cause of action under the statute, and we can find no reference to section 720.303(5) in the complaint. Even if Dr. Rao had sought such relief in his pleadings, he would not have stated a valid cause of action against Greenacre Properties. An "association" for purposes of this statute is defined in section 720.301(7) as "a Florida corporation responsible for the operation of a community... in which the voting membership is made up of parcel owners." This definition does not include a property management company. This definition of "association" does, of course, describe an entity such as Van Dyke Farms Homeowners' Association. Simply put, Greenacre Properties is not an association and nothing in chapter 720 would permit the trial court to impose these statutory "minimum damages" against an agent that the Association relied upon or contracted with to perform its statutory duties. If Dr. Rao wanted to recover this statutory claim, he was required to sue Van Dyke Farms Homeowners' Association for the statutory violation. Accordingly, the trial court erred in imposing this award of statutory minimum damages.

*25 V. NO CLAIM FOR DAMAGES IN NEGLIGENCE EXISTS IN THE ABSENCE OF PHYSICAL IMPACT OF BODILY INJURY
It is doubtful that count II of Dr. Rao's complaint even stated a cause of action for negligence against Greenacre Properties. The alleged theory is essentially that Greenacre Properties' negligence in maintaining the records of the Association resulted in unspecified "damages" and "emotional stress and physical hardships." The complaint does not allege that Greenacre Properties breached any traditional standard of care in negligence that resulted in bodily injury or property damage.[6]
The final judgment stated that Greenacre Properties owed a duty to Dr. Rao based on a case in which a hotel owed a duty to a guest who slipped and fell in a bathtub and sustained bodily injuries. See Cooper Hotel Servs., Inc. v. MacFarland, 662 So.2d 710 (Fla. 2d DCA 1995). With all due respect to the author of this judgment, we fail to see the comparison. The final judgment also contains a discussion of a breach of a fiduciary duty owed by Greenacre Properties to the members of the Association when no such theory was ever alleged in the complaint.
The trial court's judgment contains a paragraph in bold in which the court finds that Dr. Rao did not present "sufficient evidence to show that he suffered either a physical injury or illness which manifested itself as emotional distress," and thus Dr. Rao was barred from recovering damages for emotional distress. Thereafter, however, the judgment states that Dr. Rao sustained thirty-two hours of lost earnings at the rate of $275 per hour due to the negligence of Greenacre Properties and thus awards Dr. Rao damages of $8800.
The author of the final judgment has misread the supreme court's decision in Rowell v. Holt, 850 So.2d 474 (Fla.2003). The final judgment recognizes that, as a general rule, a party cannot recover damages for emotional distress in the absence of physical injury or illness. However, this "impact doctrine" or "impact rule," which is explained in a long line of cases including Rowell and R.J. v. Humana of Florida, Inc., 652 So.2d 360 (Fla.1995), does not merely prevent an award of monetary damages representing a party's "emotional distress" while permitting recovery for other types of damages. Rather, this doctrine generally requires proof of a physical injury or illness before a plaintiff is permitted to recover any type of damages awardable under a negligence theory.
Given that the "impact rule" prevents the award of Dr. Rao's lost wages in this case, we hesitate to further muddy the waters of the dreaded economic loss rule by addressing its application to this case. Suffice it to say that a negligence claim must generally allege a bodily injury or property damage; a negligence claim for purely economic losses is recognized in only very limited circumstances. See Monroe v. Sarasota County Sch. Bd., 746 So.2d 530, 531 (Fla. 2d DCA 1999). When members of a homeowners' association can allege statutory and contractual claims against the association for purely economic damages, we see no reason to create a special negligence cause of action for the members against an agent of the association that has contractual responsibilities to perform the statutory duties of the association.
*26 We also hesitate to discuss a theory of breach of fiduciary duty that was never pleaded. Dr. Rao failed to establish that he had a contractual relationship with Greenacre Properties, that he was a third-party beneficiary of a contract between Greenacre Properties and the Association, or that he has any claim in negligence against Greenacre Properties to compensate him for his lost earnings. A fiduciary relationship is not easily defined, but an essential aspect of such a relationship is a level of trust and confidence by the plaintiff that has been bestowed upon and accepted by the defendant. See Doe v. Evans, 814 So.2d 370, 374 (Fla.2002). We see nothing in the indirect relationship between an association's members and the agents performing the association's duties under a written contract that would create a fiduciary duty affecting the matters described in the complaint. Dr. Rao has not provided any precedent for such a theory in this appeal.
Because Dr. Rao failed to present evidence supporting any valid cause of action against Greenacre Properties, whether for breach of contract, a statutory violation, or negligence, we reverse the final judgment entered in favor of Dr. Rao and instruct the trial court to enter judgment in favor of Greenacre Properties on remand.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] Just as it is doubtful that the Defenestration of Prague was the actual cause of the Thirty Years' War in 1618, it is unlikely that Dr. Rao's pond, all by itself, precipitated the subsequent litigation. It is the only explanation in the record, though, and an adequate one for our purposes.
[2] It is important to note that Dr. Rao did not identify any specific document that he was not shown that would have affected the lawsuit between him and the Association. Thus, there was no evidence that Greenacre Properties' failure to disclose a particular document caused any specific damage to Dr. Rao.
[3] Dr. Rao's counsel in this appeal is not the attorney who represented him before the circuit court.
[4] We note that the Association has a contractual obligation to indemnify Greenacre Properties in this case. As such, it appears that this lawsuit might have been pursued to obtain damages from the Association that Dr. Rao had not successfully recovered in the first trial.
[5] Dr. Rao has asserted that this recitation makes Dr. Rao the prevailing party in this litigation under chapter 720, entitling him to attorneys' fees. See § 720.305(1).
[6] We note that Dr. Rao made no attempt to assert a claim for malicious prosecution against the Association or Greenacre Properties and failed to present any evidence that Greenacre Properties committed any intentional tort in this regard.