POLEN, J.
The plaintiffs filed a multi-count action against two defendants: (1) The Claridges Condominium, Inc. (“the Association”), and (2) the property manager. The plaintiffs alleged that the Association, through its employee, the property manager, improperly placed, installed, and operated an emergency power generator next to the plaintiffs’ unit. The plaintiffs eventually filed a Fourth Amended Complaint against both defendants. Counts II, III, and IV of this complaint respectively alleged causes of action against both defendants for (1) private nuisance, (2) trespass, and (3) negligence. The counts against the property manager allege that “[t]he actions of the ASSOCIATION ... were under the direction of the ASSOCIATION and [the property manager], and the actions of [the property manager] ... were all within the scope of his employment as property manager of the ASSOCIATION.”
The property manager moved the trial court to dismiss the counts against him based squarely on the holding of Greenacre Properties, Inc. v. Rao, 933 So.2d 19 (Fla. 2d DCA 2006). The trial court granted this motion, and the plaintiffs’ subsequent motions for rehearing and leave to amend were denied. On appeal, the plaintiffs argue that Greenacre does not apply to the theories of liability alleged in this case. We agree and reverse.
A trial court’s order granting a motion to dismiss is reviewed de novo. Gomez v. Fradin, 41 So.3d 1068, 1070 (Fla. 4th DCA 2010). “In reviewing an order granting a motion to dismiss, this court’s ‘gaze is limited to the four corners of the complaint.’ ” Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011) (citing Goodall v. Whispering Woods Ctr., L.L.C., 990 So.2d 695, 697 (Fla. 4th DCA 2008)).
In this case, both in his motion to dismiss and again on appeal, the property manager relies squarely on the holding of Greenacre to support the contention that a property manager cannot be liable for acts committed within the scope of his employment with the Association. The holding in Greenacre, however, was confined to very specific facts which involved a unit-owner/plaintiff suing the property management company on the following theories: (1) “that [the property management company] breached its contract with the ... Homeowners’ Association”; and (2) “that [the property management company] negligently performed its duties under the contract with the Association.... ” Greenacre, 933 So.2d at 21-22. In that case, our sister court held that the unit-owner/plaintiff could not recover against the property management company because:
[A] person who is not a party to a contract cannot sue for a breach of the contract even if the person receives some incidental benefit from the contract^ and]
[[Image here]]
... nothing in the indirect relationship between an association’s members and the agents performing the association’s duties under a written contract ... would create a fiduciary duty affecting the matters described in the complaint.
Id. at 23, 26 (emphasis added). The theories of liability alleged in this case are not *271 based on breach of contract; therefore, it was an error for the trial court to dismiss the counts against the property manager based on the holding of Greenacre, as the theories of liability alleged in this case are not within Greenacre’s scope.
The four corners of the complaint in this case provide a basis for liability against both the Association and/or the property manager. The complaint, unlike that in Greenacre, does not allege liability based on the contractual relationship between the two defendants. Accordingly, the trial court erred in granting the defendant’s motion to dismiss because the motion was based solely on the holding of Greenacre-, the scope of which, as discussed above, does not apply to the theories of liability alleged in this case. Based on the foregoing, the order dismissing the counts against the property manager is reversed, and the cause remanded for further proceedings.

Reversed and Remanded.

STEVENSON and CONNER, JJ., concur.