502 So.2d 1380 (1987)
Wanda BROCK, Alan Brock, Reginald Mahaffy, Agnes Mahaffy, Howard Peterson, Evanna Peterson, William Reidell, Loretta Reidell, Paul Keller, Gloria Keller, Gloria Brock, Chester Brock, and Edward Stephenson, Appellants,
v.
The WATERGATE MOBILE HOME PARK ASSOCIATION, INC., a Florida Corporation, William Bernstein, William Reid, Fred Dinardo, Nancy Tramantano, Thomas Deegan, Rosemary Chancey, Ray Johnson and I. Marie Miller, Appellees.
No. 85-2344.
District Court of Appeal of Florida, Fourth District.
March 4, 1987.
*1381 Anthony J. Aloneftis of Law Offices of Richard E. Bosse, Boca Raton, for appellants.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
STONE, Judge.
This is an appeal from the dismissal of a complaint for failure to allege sufficient allegations of "State action," in a suit by residents of a mobile home park against the park homeowners' association and its directors. The suit is founded on 42 U.S.C. § 1983, and arises out of various acts and decisions by the board which appellants allege violate their civil rights.
Appellants contend that the association performs public functions, and analogize the association's services and powers to those found in a "company town." Appellants further argue that the special statutory status of mobile homes creates a nexus between the State and the association that would make the board's actions equivalent to state action.
Two primary tests are applied in determining whether conduct performed by private persons or groups constitutes "State action"; the public function test and the state involvement test. Under the public function test, state action will be found where the functions of a private individual or group are so impregnated with a governmental character as to appear municipal in nature. Where the requirements of this test are met, the private activity under question will be subject to constitutional limitations. Evans v. Newton, 382 U.S. 296, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966) (privately managed park is public in nature, and may not be segregated); Petersen v. Talisman Sugar Corp., 478 F.2d 73 (5th Cir.1973) (because a company town functions as a municipality, company may not deprive inhabitants of their constitutional rights). Under the state involvement test, there must be a sufficiently close nexus between the State and the challenged activity such that the activity may be fairly treated as that of the State itself. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (State not sufficiently involved in privately owned utility by virtue of State regulation). See *1382 also Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (State action requires deprivation of a civil right by conduct fairly attributable to the State); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) (State not involved in discrimination by private group solely because State granted the group a liquor license); Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) (State sufficiently involved in discrimination by its lessee, a restaurant); Schreiner v. McKenzie Tank Lines, Inc., 432 So.2d 567 (Fla. 1983) (deprivation clause of Florida's constitution does not protect against private party's conduct where no government action is involved). Another factor considered under this test is whether the private entity is exercising powers traditionally reserved to the State. Jackson, 419 U.S. at 345, 95 S.Ct. at 449.
A homeowner's association lacks the municipal character of a company town. In the case of an association, the homeowners own their property and hold title to the common areas pro rata. Moreover, the services provided by a homeowners association, unlike those provided in a company town, are merely a supplement to, rather than a replacement for, those provided by local government. As such, it cannot be said that the homeowners' association in this case acts in a sufficiently public manner so as to subject its activities to a state action analysis. Moreover, the association's maintenance, assessment, and collection activities are not sufficiently connected to the State to warrant a finding of state action. The state cannot be implicated in the association's activities solely because the association is subject to State law.
We conclude that the association in this case does not stand in the position of a government, and that the State is not involved either directly or indirectly with the association's activities. Accordingly, we affirm.
ANSTEAD and GUNTHER, JJ., concur.