792 So.2d 660 (2001)
YACHTING PROMOTIONS, INC., Appellant,
v.
BROWARD YACHTS, INC., d/b/a Broward Marine, Appellee.
No. 4D00-4307.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
*661 John H. Pelzer, Glenn N. Smith, Scott H. Marder and Gregory R. Beck of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Geoffrey B. Marks of Cole, White & Billbrough, P.A., Miami, for appellee.
SHAHOOD, J.
Yachting Promotions, Inc. appeals from the entry of a preliminary injunction enjoining Yachting Promotions' attempt to exclude Broward Yachts, Inc. d/b/a Broward Marine ("Broward Marine") from participating in the 41st Annual Fort Lauderdale International Boat Show, held October 26-30, 2000 ("Boat Show"). Although the Boat Show, which was the subject of the injunction, has already occurred, the issue as to whether the injunction was properly issued has not been rendered moot. See § 60.07, Fla. Stat. (2000). Moreover, since the Boat Show is an annual event, this problem will likely recur. We reverse and remand.
Broward Marine filed a Verified Complaint for Emergency Preliminary Injunction against Yachting Promotions, the promoter of the Boat Show, seeking to enjoin its unlawful exclusion as a participant and exhibitor in the Boat Show. It sought to require Yachting Promotions to accept its previously tendered application for contract and exhibit space and to permit Broward Marine to exhibit its yachts in the location historically utilized by it at the Boat Show for the past ten years.
Broward Yachts purchased the assets of Broward Marine in 1998, including the use of its name. Broward Yachts d/b/a Broward Marine had never been an exhibitor in the Boat Show. Its denial of entry into the 1999 Boat Show resulted in a pending lawsuit against Show Management, a corporation directly related to Yachting Promotions.
*662 While Yachting Promotions did not own the land, submerged land, or event facilities to put on the Boat Show, it had previously entered into a Special Event Sovereignty Submerged Lands Lease with the Board of Trustees of the Internal Improvement Fund of the State of Florida ("Submerged Lands Lease"). The Submerged Lands Lease permits Yachting Promotions to have limited use of certain submerged state-owned land in Fort Lauderdale for a 30-day period each year, for a period of five years, subject to all terms and conditions set forth in the lease. As a special lease condition, Yachting Promotions agreed that:
The Lessee shall comply with all federal, state or local government statutes, rules and regulations, specifically those permits issued by the U.S. Army Corps of Engineers, Broward County and the City of Ft. Lauderdale, particularly those conditions addressing the accommodations necessary to assure the safety and protection of the rowers using the New River Sound Waterway.
Yachting Promotions also entered into an Event Agreement with the City of Fort Lauderdale to use certain City property, between October 26-30, 2000, to conduct its show. In accordance with the agreement, Yachting Promotions agreed to the following:
Applicant shall at all times comply with all Federal and State laws and all rules, regulations and ordinances of City and any other governmental agency having jurisdiction including, but not limited to, those relating to noise, building, zoning, gambling, fire protection, liquor regulation and hours of operation. Applicant shall further take all precautions and use extreme care to conduct its operations in a safe and prudent manner with respect to its agents, employees and visitors to its Event.
Broward Marine, through an agent, presented an application for contract and exhibit space at the Boat Show. The application was stamped received and minutes later, a representative from Yachting Promotions returned the materials, claiming that the exhibit space was sold out. When Broward Marine's agent stated that other applications were being accepted, Yachting Promotions' representative denied the allegation, but added that because of a "pending lawsuit," by Broward Marine against Yachting Promotions, Broward Marine would not be accepted into the Boat Show.
Broward Marine moved for injunctive relief claiming that under Article I, section 21 of the Florida Constitution, it has a constitutional right of access to the court to seek redress of grievances. Broward Marine alleged that Yachting Promotions, as lessee of certain state and city property, agreed to comply with all state and federal laws, and thus, was obligated not to discriminate or retaliate against Broward Marine's application for exhibit space at the Boat Show in retaliation for its lawsuit against Show Management.
In its second count, Broward Marine alleged violations of Florida's Deceptive and Unfair Trade Practice Act ("FDUTPA"), claiming that Yachting Promotions used its exclusive position as a leaseholder of state lands and promoter and manager of the Boat Show to deceptively and unfairly reject Broward Marine's application to exhibit in the Boat Show, in retaliation for the pending lawsuit against Show Management. Yachting Promotions falsely claimed that it was sold out of exhibition space, but subsequently admitted that Broward Marine was being denied admission because of the pending lawsuit.
In granting the preliminary injunction in favor of Broward Marine, the trial court found that Yachting Promotions, by virtue of its agreements with the State and City *663 to use public-owned land for its Boat Show, agreed to be bound by all applicable state and federal laws, and that the right to seek redress to the courts was protected by the Constitution and federal and state laws. The court found that the sole basis for the denial of Broward Marine's application for the Boat Show was the result of its seeking access to the courts in the form of lawsuits against Yachting Promotions and its related corporation. As such, the court granted the motion for injunction and required that Broward Marine have access to the Boat Show.
In order to obtain a temporary injunction, a party must prove the following: (1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest. See Infinity Radio, Inc. v. Whitby, 780 So.2d 248, 250 (Fla. 4th DCA 2001). None of the foregoing requirements were proven by Broward Yachts.
The moving party must have a clear legal right. See In re Estate of Barsanti, 773 So.2d 1206, 1208 (Fla. 3d DCA 2000). "Clear, definite, and unequivocally sufficient factual findings" must support each of these four criteria before the court may enter the injunction. City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995). Irreparable injury will never be found where the injury complained of is "doubtful, eventual or contingent," see First Nat'l Bank in St. Petersburg v. Ferris, 156 So.2d 421, 424 (Fla. 2d DCA 1963), or if money damages are available as a remedy. See City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982).
On appeal, Yachting Promotions maintains that the trial court erred in entering the injunction. It claims that not only did it have a contractual right not to do business with Broward Marine, but that it was not a state actor, and therefore, could not have violated Article I, Section 21 of the Florida Constitution, when it denied Broward Marine's application for the Boat Show. We agree.
Article I, section 21, of the Florida Constitution establishes that right commonly known as access to courts and provides that "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." The constitutional right of access to courts guaranteed by Article I, section 21, of the Florida Constitution, protects only rights which existed at common law or by statute prior to the enactment of the Declaration of Rights of the Florida Constitution. See McElrath v. Burley, 707 So.2d 836, 838 (Fla. 1st DCA), review denied, 718 So.2d 166 (Fla.1998). In order to make a colorable claim of denial of access to courts, an aggrieved party must demonstrate that the Legislature has abolished a common law right previously enjoyed by the people of this state. See Strohm v. Hertz Corp./Hertz Claim Mgmt., 685 So.2d 37, 39 (Fla. 1st DCA 1996)(citing Kluger v. White, 281 So.2d 1 (Fla.1973)), review denied, 697 So.2d 512 (Fla.1997).
In seeking an injunction, Broward Marine has not shown that it has been denied any common law right by Yachting Promotions. Its underlying claims of breach of contract pertaining to the 1999 Boat Show still exist, and, in fact, remain pending. There is no common law duty not to retaliate against someone for exercising his or her right of access to the courts. It is well settled that the "freedom of contract entails the freedom not to contract, except in the case of innkeepers, common carriers, and certain other `public *664 service companies,' and except as restricted by antitrust, antidiscrimination and other statutes." Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n, 110 F.3d 318, 333 (6th Cir.1997). Article I, section 21 of the Florida Constitution, which guarantees access to the courts for redress of wrongs, does not create an independent civil cause of action. See Craven v. Metropolitan Dade County, 545 So.2d 932, 933 (Fla. 3d DCA 1989); DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), affirmed, 384 So.2d 1253 (Fla.1980).
Yachting Promotions also correctly states that its conduct against Broward Marine did not create any type of state action which would constitute a violation of Broward Marine's right to access to courts by virtue of its agreements with the State and City. See Brock v. Watergate Mobile Home Park Ass'n, 502 So.2d 1380, 1381 (Fla. 4th DCA 1987).
Finally, in seeking an injunction based on a violation of the FDUTPA, Broward Marine alleged that Yachting Promotions arbitrarily withdrew and revoked the application Broward Marine submitted for the 2000 Boat Show and that Yachting Promotions falsely stated that the exhibit was sold out. Broward Marine claimed that the exclusion of Broward Marine from the Boat Show in retaliation for its pending litigation constituted an unconscionable, unfair or deceptive practice in the management and production of the Boat Show.
In its Order granting a preliminary injunction, the trial court made the following findings in relevant part:
The Court finds, clear and free of all reasonable doubt, that the defendant Yachting Promotions, Inc. has arbitrarily, and in violation of state and federal laws, in violation of the Unfair, Deceptive Trade Practice Act, denied the application of Broward Yachts to use the Fort Lauderdale International Boat Show facilities of the defendant.
That is the court's only reference to Yachting Promotions' violation of the FDUTPA.
We hold that Broward Marine has not demonstrated that Yachting Promotions violated the Act or contravened its purpose when it exercised its right not to do business with Broward Marine.
An unfair practice under the federal statute has been defined as one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 499 (Fla. 4th DCA 2001)(citing Spiegel, Inc. v. Fed. Trade Comm'n, 540 F.2d 287, 293 (7th Cir.1976)).
Refusing to do business with a company because of past litigation is not an unfair or deceptive trade practice. See High Tech Communications, Inc. v. Panasonic Co., No. 94-1477, 1995 WL 65133 (E.D.La. Feb.15, 1995), review denied, 1995 WL 120154 (E.D.La. Mar.17, 1995). Because Broward Marine has failed to allege any acts of fraud, misrepresentation or deception surrounding Yachting Promotions' refusal to deal, it failed to allege a violation of the FDUTPA. Yachting Promotions had every right to decide no longer to do business with Broward Marine. Moreover, the trial court gave no basis for its determination that Yachting Promotions violated the FDUTPA.
We, accordingly, reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KLEIN, J., and SILVERMAN, SCOTT J., Associate Judge, concur.