844 So.2d 676 (2003)
THE STEPHAN COMPANY, Old 97 Company, and Frank F. Ferola, Appellants,
v.
FAULDING HEALTHCARE (IP) HOLDINGS, INC., and Faulding Consumer, Inc., Appellees.
No. 4D02-2889.
District Court of Appeal of Florida, Fourth District.
April 16, 2003.
Rehearing Denied May 30, 2003.
*677 Curtis Carlson and Ronald J. Lewittes of Payton & Carlson, P.A., Miami, for appellants.
Joseph P. Goldberg of Bondy & Schloss LLP, New York, New York, and Jason M. Murray of Carlton Fields, P.A., Miami, for appellees.
POLEN, C.J.
This appeal arises from a trial court's entry of a temporary injunction. We conclude that the entry of the injunction was erroneous and for the reasons set forth below we reverse the ruling of the trial court.
A brief discussion of the facts is necessary. On August 25, 2000, Faulding entered into a three year manufacturing agreement with The Stephan Company, whereby Stephan agreed to manufacture "Sea & Ski" products for three years pursuant to the specific terms of the agreement.
During the first year of the agreement, problems arose between the parties when Faulding rejected some of the product as not meeting its specifications. In an attempt to rectify the situation, in the summer of 2001 Faulding reached an agreement with Stephan allowing Stephan to explore whether there was a market for the rejected product. The agreement allowed Stephan to explore the market, but not to sell the product.
As a result of this agreement, a Stephan employee contacted two potential buyers to see if there was any interest in the rejected product. The Stephan employee contacted the buyers by phone and by email and explained he had the products for sale, describing the products by name and bar code number, and went so far as to ask whether the buyer was interested.
As a result of what Faulding considers the attempted sale of the rejected goods, Faulding filed a complaint against Stephan alleging numerous trademark violations, breach of contract, and seeking declaratory and monetary relief.
One day later, Stephan sent Faulding a letter explaining that Stephan had explored the potential market for the rejected product and concluded that there was none. In addition, the letter explained they were tendering the product back to Faulding.
*678 Thereafter, Faulding filed a motion for temporary injunction which was granted by the trial court. This appeal followed and we now reverse the entry of the temporary injunction.
The applicable standard of review is abuse of discretion. See Nastasi v. Thomas, 766 So.2d 462 (Fla. 4th DCA 2000). "A trial court's ruling on a motion for temporary injunction is clothed with a presumption of correctness." Infinity Radio Inc., v. Whitby, 780 So.2d 248 (Fla. 4th DCA 2001).
This court has recently reviewed an order granting a temporary injunction and reiterated that in order to obtain an injunction a party must show "(1) irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest." Net First Nat. Bank, v. First Telebanc Corp., 834 So.2d 944(Fla. 4th DCA 2003)(quoting Yachting Promotions, Inc., v. Broward Yachts Inc., 792 So.2d 660 (Fla. 4th DCA 2001)).
Stephan asserts there can be no finding of irreparable harm where there is no continuing threat of injury or any indication that harm will come in the future. We agree.
A temporary injunction is an extraordinary remedy that should be granted sparingly. State v. Beeler, 530 So.2d 932 (Fla.1988). Where there is no indication the harm is likely to continue in the future, an injunction is not warranted. See Burger King Corp. v. Weaver, 33 F.Supp.2d 1037, 1039 (S.D.Fla. 1998)("When conduct sought to be enjoined has ceased and is unlikely to resume, federal courts should not grant injunctive relief").
In response to the argument that this case does not demonstrate any threat of future harm, Faulding points to cases that have held that mere cessation of infringing activity does not necessarily render injunctive relief inappropriate. See, e.g., Clayton v. Howard Johnson Franchise Syst., Inc., 730 F.Supp. 1553 (M.D.Fla.1988). While true, Faulding's position does not eliminate the need to demonstrate the threat of future harm in order to justify the entry of this extraordinary remedy.
For example, in Clayton, as well as the other cases Faulding relies upon, the facts support a conclusion that the infringing activity is likely to continue. In fact, although Clayton had assured the Howard Johnson company that no future infringing activity would occur, there was a long history of repeated infringing activity and the court concluded that there was "a cognizable danger of future violations." Id. at 1558. This cannot be said in the case at bar. Not only is there no history of repeated infringing activity on the part of Stephan, there is no basis to conclude that there is a danger of future violations.
In conclusion, there is no indication in the record that the harm or threat of harm, will continue. The court's order does not identify any potential harm in the future, nor does it conclude this situation is likely to repeat itself. Therefore, we conclude that the conduct Faulding sought to enjoin has ceased, is unlikely to resume, and the injunction was unnecessary. As a result we hold that the trial court abused its discretion in ordering the temporary injunction and we hereby reverse that order.
GUNTHER and SHAHOOD, JJ., concur.