PER CURIAM.
We affirm the trial court’s order denying a temporary injunction to appellant, who sought to enforce a covenant not to compete in an agreement with appellee. Appellant failed to provide a transcript of the hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (noting that appellant has burden to provide record of trial proceedings in order to demonstrate reversible error). Despite this failure, appellant contends that the errors it raises are apparent on the face of the order. It challenges the trial court’s finding that the restrictions in the covenant were unreasonable by claiming that the court should have modified the restrictions so as to permit enforcement. Appellant also challenges the court’s determination that it did not have a legitimate business interest in protecting its customers. However, regardless of whether the court correctly determined these issues, *981 appellant has not challenged the court’s finding that appellant has an adequate remedy at law. As the lack of an adequate remedy at law is an essential prerequisite to the issuance of a temporary injunction, The Stephan Co. v. Faulding Healthcare (IP) Holdings, Inc., 844 So.2d 676, 678 (Fla. 4th DCA 2003), appellant has failed to show the court committed reversible error when denying the injunction. Therefore, we affirm the order denying the temporary injunction.
WARNER, GROSS and MAY, JJ„ concur.