959 So.2d 1222 (2007)
LAWNWOOD MEDICAL CENTER, INC. d/b/a Lawnwood Regional Medical Center and Heart Institute, Appellant,
v.
Randall SEEGER, M.D., as President of the Medical Staff of Lawnwood Regional Medical Center, Inc., d/b/a Lawnwood Regional Medical Center and Heart Institute, and Member of the Medical Executive Committee of Lawnwood Regional Medical Center, Inc., d/b/a Lawnwood Regional Medical Center and Heart Institute, Appellee.
No. 1D06-2016.
District Court of Appeal of Florida, First District.
June 21, 2007.
*1223 Stephen J. Bronis and Steve Wisotsky of Zuckerman Spaeder LLP, Miami, for Appellant.
Major B. Harding of Ausley & McMullen, Tallahassee; and Richard H. Levenstein of Kramer, Sewell, Sopko & Levenstein, Stuart, for Appellee.
Harold R. Mardenborough, Jr., for Amici American Medical Association and Florida Medical Association, Tallahassee.
Glenn J. Webber of Seidule & Webber, P.A., Stuart, for Amicus Association of American Physicians & Surgeons.
ALLEN, J.
The appellant, a Florida for-profit corporation operating an acute-care hospital in St. Lucie County known as Lawnwood Regional Medical Center and Heart Institute ("Lawnwood"), challenges an adverse summary final judgment by which the trial court invalidated a special law, chapter 2003-372, Laws of Florida, the "St. Lucie County Hospital Governance Law." Because this special law violates article I, section 10 of the Florida Constitution in that it impermissibly impairs the appellant's *1224 obligations to its medical staff under a pre-existing contract between the appellant's board of trustees and medical staff, and because it also grants a privilege to a private corporation in violation of article III, section 11(a)(12) of the Florida Constitution, we affirm the summary final judgment. Analysis of further grounds provided by the trial court for its judgment being unnecessary to our decision, we do not address these further grounds.
The right to contract is one of the most sacrosanct rights guaranteed by our fundamental law. Chiles v. United Faculty of Florida, 615 So.2d 671 (Fla. 1993). In Florida, this right is protected through article I, section 10 of our state constitution: "No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed." An impairment occurs, in the context of this provision, when a contract is made worse or is diminished in quantity, value, excellence or strength. Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla.1979). In 1993, a contract was established between the appellant's board of trustees and Lawnwood's medical staff when bylaws adopted by the medical staff were approved by the board. See, e.g., Naples Community Hospital, Inc. v. Hussey, 918 So.2d 323, 325 (Fla. 2d DCA 2005) ("Florida has adopted the majority view that hospital bylaws become a binding and enforceable contract between a hospital and its medical staff when adopted by the hospital's governing board."). The St. Lucie County Hospital Governance Law dramatically alters many of the rights and obligations specified in the contract between the appellant's medical staff and board of trustees, thus constituting a contract "impairment" under article I, section 10.
Although acknowledging that the St. Lucie County Hospital Governance Law effected an impairment through diminution of the medical staff's contract rights, the appellant contends that the law should nevertheless be upheld under the balancing test articulated in Pomponio. But the St. Lucie County Hospital Governance Law is unconstitutional even under this test because the substantial contract impairment imposed by this legislation was not required to protect the public health, ensure the quality of care at Lawnwood, or accomplish some other legitimate public purpose.
The legislation is also unconstitutional because it operates to grant a privilege to a private corporation in violation of article III, section 11(a)(12) of the Florida Constitution in that it diminishes or eliminates many of the hospital's contractual obligations to its medical staff. Relying upon cases from other jurisdictions involving financial arrangements found to be offensive to similar constitutional prohibitions against the granting of a privilege to a private corporation, the appellant asserts that article III, section 11(a)(12) is "intended to protect the public fisc by preventing financial give-aways. . . ." But the plain language of the Florida constitutional provision does not suggest that its application should be limited in this way. Except when the text of a constitution suggests that a technical meaning is intended, words used in the constitution should be given their usual and ordinary meaning because such is the meaning most likely intended by the people who adopted the constitution. See, e.g., Advisory Opinion to Governor  1996 Amendment 5 (Everglades), 706 So.2d 278 (Fla.1997). In general, a dictionary may provide the popular and common-sense meaning of terms presented to the voters. Id. With respect to the term "privilege," the dictionary definition is not limited in application to financial arrangements. Instead, the term is defined *1225 in Webster's Ninth New Collegiate Dictionary 936 (1989) as a "law for or against a private person," or "a right or immunity granted as a peculiar benefit, advantage, or favor," and it is defined in Black's Law Dictionary 1234 (8th ed.2004) as "[a] special legal right, exemption, or immunity granted to a person or class of persons; an exception to a duty."
Although the St. Lucie County Hospital Governance Law applies to all hospitals located in St. Lucie County, the record demonstrates, and the parties acknowledge, that there are only two hospitals in St. Lucie County and both are controlled by the same private corporation. Thus, a private corporation is specially benefitted by this law which provides a means for the private corporation to avoid its pre-existing contractual obligations. The law therefore unconstitutionally grants a substantial privilege to this private corporation.
The summary final judgment is affirmed.
WEBSTER, J., concurs; BENTON, J., specially concurs with opinion.
BENTON, J., concurring specially.
I join the judgment of the court, and agree that the challenged statute violates article III, section 11(a)(12) of the Florida Constitution.