KLEIN, J.,
dissenting.
Our standard of review of this injunction is abuse of discretion, Stephan Co. v. Faulding Healthcare (IP) Holdings, Inc., 844 So.2d 676 (Fla. 4th DCA 2003), and under the specific facts in this case, the trial court did not abuse its discretion. The majority cites Stephan for the proposition that an injunction is not warranted where the conduct has ceased; however, the facts of that case are distinguishable. In Stephan, one day after the complaint was filed, the defendant sent a letter stating that it had made the decision not to continue to attempt to market a product allegedly in breach of a contract. The letter further stated that the defendant was tendering the product back to the plaintiff. It was not until after that letter that the plaintiff filed a motion for temporary injunction, which the trial court granted and we reversed.
In contrast, in the present case, Winn-Dixie filed suit in June, 2005, and it was not until December 19, 2006, when Dolgen-corp was staring at a trial date a month later, that it moved for a continuance alleging that it would close the store by the time the trial was to start. If Dolgencorp, after this suit was filed, had immediately stopped violating the covenant, as the defendant did in Stephan, I would agree with the majority. Dolgencorp has not even argued on this appeal that it was not in violation of the covenant, and under these specific facts it was not an abuse of discretion for the trial court to enter the injunction.
In Pediatric Pavilion v. Agency For Health Care Administration, 883 So.2d *329 927, 930 (Fla. 5th DCA 2004), a complaint for temporary and permanent injunction was filed against an unlicensed nursing home, and in response to the filing of the complaint, the defendant closed the nursing home. The trial court granted an injunction, and the nursing home argued that it was error because the facility had been closed, but the fifth district affirmed, concluding it was “a matter within the trial court’s discretion.”
I am concerned that the majority opinion will create uncertainty in cases where defendants are violating covenants, non-compete agreements and the like, long after suit is filed, and on the eve of trial announce that they won’t do it anymore. I see no harm, let alone abuse of discretion, in entry of the injunction.