PER CURIAM.
David J. Rosenberg appeals from the final judgment awarding attorney’s fees to *643 MetroWest Master Association, Inc. (“the Master Association”). On appeal, Rosenberg argues that the trial court erred in finding he was a “member” of the Master Association within the meaning of sections 720.301(10) and 720.305(1), Florida Statutes (2009). We disagree and affirm.
The Master Association is a mixed-use development comprised of several subdivisions, each having a separate community association. One of the Master Association’s governing documents, the Declaration of Protective Covenants and Restrictions (“the Declaration”), provides that the various community associations are “members” of the Master Association, while owners of property subject to the jurisdiction of a community association are not “members” of the Master Association. The Declaration further defines the term “owner” as “a record owner of fee simple title to any Property Unit located within METROWEST.... ” Rosenberg is an “owner” within the meaning of the Declaration and a member of Palma Vista Community Association (“Palma Vista”). Pal-ma Vista, in turn, is a “member” of the Master Association.
In July 2009, Rosenberg, along with two other plaintiffs who are not parties to this appeal, brought suit against the Master Association, alleging, in relevant part, that the Master Association had failed to comply with certain provisions of chapter 720, Florida Statutes, that govern the transition of control of homeowners’ associations from developers to association members. After a hearing, the trial court entered final summary judgment in favor of the Master Association. The Master Association thereafter moved for prevailing-party attorney’s fees pursuant to section 720.305(1), Florida Statutes.
Rosenberg contested the Master Association’s entitlement to the fees. Following a hearing, the trial court granted the Master Association’s request for attorney’s fees and costs. Our review of the final judgment is de novo. See T &W Developers, Inc. v. Salmonsen, 31 So.3d 298, 301 (Fla. 5th DCA 2010) (stating that entitlement to attorney’s fees based on the interpretation of a statute or contract is reviewed de novo).
Chapter 720, Florida Statutes, was enacted “to provide procedures for operating homeowners’ associations” and “to protect the rights of association members without unduly impairing the ability of such associations to perform their functions.” § 720.302(1), Fla. Stat. (2009). Section 720.305(1) provides a cause of action for a “member” of a homeowners’ association to redress the association’s failure or refusal to comply with the provisions of chapter 720.[1] That section further provides that the prevailing party in such litigation is entitled to recover attorney’s fees and costs. Id. Section 720.301(10) defines the term “member” to include “any person or entity obligated by the governing documents to pay an assessment or amenity fee.”
On appeal, Rosenberg argues that he is not liable for the Master Association’s attorney’s fees because he does not fall within the statutory definition of “member,” as he pays assessments to Pal-ma Vista, not the Master Association. We disagree. Several provisions of the Deela *644 ration require “owners,” such as Rosenberg, to pay assessments to the Master Association. Thus, the trial court properly concluded that Rosenberg is a “member” within the meaning of section 720.301(10) because he is obligated by the Master Association’s governing documents to pay assessments. The fact that Rosenberg actually pays assessments to his community association is not dispositive because he is ultimately obligated to pay them to the Master Association.
Next, Rosenberg argues that, in determining whether he was liable for attorney’s fees under section 720.305(1), the trial court should have applied the definition of “member” found in the Master Association’s governing documents rather than the statutory definition of “member.” Rosenberg relies on section 720.302(2), which provides that the provisions of chapter 720 may not impair contract rights that preexisted the effective date of the statute.Rosenberg argues that because the Master Association was created before the effective date of chapter 720,[2] the definition of “member” set forth in the Declaration controls over the statutory definition.[3] This argument, however, lacks merit because application of the statutory definition of “member” does not impair any of Rosenberg’s contract rights under the Declaration; rather, it expanded his rights by giving him standing to sue the Master Association for alleged violations of chapter 720. See Lawnwood Med. Ctr., Inc. v. Seeger, 959 So.2d 1222, 1224 (Fla. 1st DCA 2007) (stating that a legislative act impairs a contract when the contract “is made worse or is diminished in quantity, value, excellence or strength.”); But cf. Coral Lakes Cmty. Ass’n v. Busey Bank, N.A., 30 So.3d 579, 583-84 (Fla. 2d DCA 2010) (holding that section 720.3085, which makes purchasers at foreclosure liable for unpaid assessments, could not apply because section was enacted after declaration providing that successors in title were not liable for assessments went into effect, and application of the statute would thus impair vested contract rights).
We further conclude that Rosenberg is estopped from denying liability for the attorney’s fees because, by bringing suit, he held himself out to be a “member” of the Master Association with standing to sue under section 720.305(1). See United Contractors, Inc. v. United Constr. Corp., 187 So.2d 695, 701-02 (Fla. 2d DCA 1966) (explaining that doctrine of equitable es-toppel precludes a party from maintaining a position inconsistent with a position previously asserted where inconsistency would cause substantial injury to opposing party). Rosenberg cannot now change his position in order to avoid liability for attorney’s fees.
We find Rosenberg’s remaining arguments to be without merit. Accordingly, we affirm.
AFFIRMED.
SAWAYA, COHEN and BERGER, JJ., concur.

. In pertinent part, section 720.305(1) provides:
Each member ... and each association, are governed by, and must comply with, [chapter 720], the governing documents of the community, and the rules of the associa-
tion. Actions at law or in equity, or both, to redress alleged failure or refusal to comply with these provisions may be brought ... by any member against:
(a) The association....

. The Master Association was incorporated in February 1986, while chapter 720 became effective on October 1, 1992. See Ch. 92-49, §§ 33-38, at 486-89, Laws of Fla.

. Under the Declaration's definition of "member,” Rosenberg is not a "member" of the Master Association because he is subject to the jurisdiction of his community association.