DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAY LUGASSY,** individually and as 50% shareholder
of Legaci, Inc.,
Petitioner,

v.

**YUVAL LUGASSY,** individually and as 50% shareholder
of Legaci, Inc.,
Respondent.

Nos. 4D20-216 and 4D20-546

[June 17, 2020]

Consolidated petitions for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE-19-007017.

Jennifer S. Carroll of Law Offices of Jennifer S. Carroll, P.A., Jupiter, for petitioner.

Heidi J. Bassett of Hellmuth & Johnson, Edina, Minnesota, for respondent.

PER CURIAM.

Two brothers are each 50 percent owners of a corporation's stock. They disagree about the corporation's operation. One brother wanted the corporation to secure a loan; the other brother did not. On the motion of the pro-financing brother, the circuit court ordered the other brother to sign documents related to financing a loan to the corporation. One of these documents was the dissenting brother's personal guaranty of the loan. The trial court's orders appear to require the dissenting brother to sign lending contracts in the future. We quash the circuit court's order since it violates the dissenting brother's right to freedom of contract.

The orders occurred in the context of a complaint for the corporation's dissolution due to a deadlock filed by the pro-financing brother. The complaint requested that a receiver or a provisional director be appointed to carry on the corporation's business during the litigation.

In this commercial case, forcing the dissenting brother to enter into contracts for the corporation's benefit is a departure from the essential requirements of law. "Contracts are voluntary undertakings, and contracting parties are free to bargain for—and specify—the terms and conditions of their agreement. That freedom is indeed a constitutionally protected right." *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. 4th DCA 2014).

"The right to contract is one of the most sacrosanct rights guaranteed by our fundamental law." *Miles v. City of Edgewater Police Dep't/Preferred Governmental Claims Sols.*, 190 So. 3d 171, 182 (Fla. 1st DCA 2016) (quoting *Lawnwood Med. Ctr. v. Seeger*, 959 So. 2d 1222, 1224 (Fla. 1st DCA 2007)). "The right to make contracts . . . is both a liberty and property right and is within the protection of the guaranties against the taking of liberty or property without due process of law." *Id.* (quoting *State ex rel. Fulton v. Ives*, 167 So. 394, 398–99 (1936)).

While the above cases dealt with courts interfering with a contract or inhibiting entry into a contract, we have held that the "freedom of contract entails the freedom not to contract, except in the case of innkeepers, common carriers, and certain other 'public service companies,' and except as restricted by antitrust, antidiscrimination and other statutes." *Yachting Promotions, Inc. v. Broward Yachts, Inc.*, 792 So. 2d 660, 663–64 (Fla. 4th DCA 2001) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 333 (6th Cir. 1997)).

Here, the order imposed *personal* obligations upon the dissenting brother to which he objected. He has suffered irreparable harm because the error cannot be corrected on appeal. This is not a situation where the financial harm may be remedied "by a financial award or otherwise after a final judgment is entered." *Landmark at Crescent Ridge LP v. Everest Fin., Inc.*, 219 So. 3d 218, 220 (Fla. 1st DCA 2017). The circuit court has no jurisdiction over the third-party lender on these contracts, so it would not be able to provide the dissenting brother with a remedy down the road. In addition, the dissenting brother has demonstrated irreparable harm in the loss of freedom to contract. Not only was he forced to sign contracts and personally guarantee the loans, but the orders amount to an ongoing deprivation of freedom of contract because they require the dissenting brother to cooperate by signing other documents in the future necessary to secure funding.

We grant the petitions for writ of certiorari and quash the circuit court orders on review.

- 2 -

GROSS, MAY and KUNTZ, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*