# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ELIZABETH PIRMAN,

Appellant,

v.

SOUTH POINTE OF TAMPA HOMEOWNERS ASSOCIATION, INC.,

Appellee.

No. 2D23-58

_____

September 15, 2023

Appeal from the County Court for Hillsborough County; Michael J. Hooi, Judge.

Elizabeth Pirman, pro se.

Charles Evans Glausier, Standford Dean Rowe, and Katie Renee Russo of Glausier Knight Jones, PLLC, Tampa, for Appellee.

SMITH, Judge.

Elizabeth Pirman appeals the final judgment rendered against her after the county court granted summary judgment in favor of South Pointe Homeowners Association, Inc. (the Association), on her breach of contract claim. Because the county court erred in granting summary judgment on the basis that Ms. Pirman has not suffered any damages, we reverse the final judgment and remand for further proceedings.

Ms. Pirman owns real property in the South Pointe subdivision located in Riverview, Florida, which is subject to the "Declaration of Covenants, Conditions[,] and Restrictions of South Pointe."[1]

Ms. Pirman filed a statement of claim in small claims court alleging that the Association "illegally fined" her for dead grass and a dirty driveway in violation of the Declaration by failing to give her notice of the alleged violations and by further failing to provide the statutorily required fourteen days' notice of a hearing prior to assessing these fines. *See* § 720.305(2)(b), Fla. Stat. (2021) ("A fine or suspension levied by the board of administration may not be imposed unless the board first provides at least 14 days' notice to the parcel owner and . . . an opportunity for a hearing before a committee of at least three members appointed by the board who are not officers, directors, or employees of the association . . . . If the committee, by majority vote, does not approve a proposed fine or suspension, the proposed fine or suspension may not be imposed."). Ms. Pirman also alleged that she could not remedy the dirty driveway because under a local ordinance pressure washing is prohibited unless related to "public health and safety."[2] *See* Hillsborough County, Fla., Ordinance 111-7 (Apr. 21, 2021).

The Association filed a motion for summary disposition arguing that Ms. Pirman has not yet paid the fines imposed and, therefore, has

---

[1] Ms. Pirman's property is also subject to other governing documents of the Association that are not relevant to this opinion.

[2] Because we hold that the trial court erred in granting summary judgment on the basis that Ms. Pirman has not suffered any damages, which is dispositive to this case, we do not reach the remaining issues related to whether the Association complied with its Declaration and/or governing documents and section 720.305(b)(2)'s fourteen-day notice requirement or whether the county ordinance precluded Ms. Pirman from cleaning her driveway.

not suffered any damages. The county court held a hearing[3] on the Association's motion and granted the same, finding "[a]t the time this action was filed, [Ms. Pirman] had not yet paid the fines that she disputes in the Statement of Claim. Without [Ms. Pirman] having suffered any damages, there is no triable issue of fact."

We review the trial court's order granting summary judgment de novo. *See Limones v. Sch. Dist. of Lee Cnty.,* 161 So. 3d 384, 390 (Fla. 2015) ("We review de novo rulings on summary judgment with respect to purely legal questions."). Under the new summary judgment rule, summary judgment may be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a) (2021).

Here, the county court granted the Association's motion, finding that because Ms. Pirman had not yet paid the disputed fines, she suffered no damages and thus, there was no triable issue of fact. However, homeowners subject to an association's governing documents are expressly permitted to bring suit against the association if and when the association fails to comply with its statutory or contractual obligations to the homeowners. Section 720.305(1)(a) allows association members to sue an association "at law or in equity, or both," to redress an association's alleged failure to comply with the community's governing documents. *See Roebuck v. Sills*, 306 So. 3d 374, 379 (Fla. 1st DCA 2020) (interpreting the related subsection (b), which applies to members suing other members, to allow both legal and equitable relief, without

_____

[3] Ms. Pirman was not present at the hearing on the Association's motion for summary disposition. She alleged in her motion for rehearing that technical issues prevented her from appearing at the December 22, 2022, Zoom hearing. Ms. Pirman's motion for rehearing was denied by the county court.

limitation, to enforce covenants); *see also Rosenberg v. MetroWest Master Ass'n*, 116 So. 3d 641, 644 (Fla. 5th DCA 2013) (acknowledging that section 720.305(1) expands a member's rights to sue an association for violations of chapter 720).

Moreover, Ms. Pirman's pleadings make it clear that she is not seeking money damages from the Association but is rather asking the court to remove the wrongfully imposed fines, which is akin to declaratory or injunctive relief. *See Chancey v. Chancey*, 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004) (noting that the father was "a pro se litigant and his pleadings should be liberally construed"); *see also Gillis v. Jackson Shores Townhomes Ass'n*, 351 So. 3d 668, 670 (Fla. 2d DCA 2022) (holding that a homeowner was permitted to bring an action against the homeowner's association for declaratory and injunctive relief seeking to compel the association to rescind a fine levied against him where the association failed to give the homeowner the proper notice prior to fining him). Therefore, the county court in this case erred in granting summary judgment in favor of the Association on the basis that Ms. Pirman failed to allege any damages where she had not yet paid the allegedly erroneous fines. Accordingly, we reverse the final judgment and remand for further proceedings.

Reversed and remanded.

SLEET, C.J., and LABRIT, J., Concur.

_____

Opinion subject to revision prior to official publication.