573 So.2d 113 (1991)
SARASOTA COUNTY, Florida, a Political Subdivision of the State of Florida, Appellant,
v.
Robert V. ANDREWS, Betty J. Andrews, Coast Federal Savings and Loan Association, and Ncnb National Bank of Florida, Appellees.
COAST FEDERAL SAVINGS AND LOAN ASSOCIATION, Cross-Appellant,
v.
SARASOTA COUNTY, Florida, a Political Subdivision of the State of Florida, Cross-Appellee.
No. 90-01064.
District Court of Appeal of Florida, Second District.
January 4, 1991.
*114 Edward C. Wilson, Sarasota County Legal Dept., and James D. Keeney of Nelson Hesse Cyril Smith Widman Herb Causey & Dooley, Sarasota, for appellant, cross-appellee.
Ronald L. Collier and James D. Gibson of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellee, cross-appellant Coast Federal.
Glenn N. Siegel, Sarasota, for appellee NCNB.
No appearance for appellees Robert V. Andrews and Betty J. Andrews.
SCHEB, Acting Chief Judge.
Sarasota County challenges a final summary judgment declaring a portion of a county ordinance unconstitutional as applied to the appellee Coast Federal Savings and Loan Association. We affirm.
On March 4, 1983, Coast Federal recorded a mortgage securing payment of a $40,000 promissory note from Robert and Betty Andrews. The mortgage purported to create a first lien against certain real estate in Sarasota County owned by the Andrews. To understand the posture of this case, some background information is necessary.
Chapter 162, Florida Statutes (1983), entitled Local Government Code Enforcement Boards Act, is designed to provide effective methods of enforcing local codes and ordinances. It authorizes local governmental bodies to create boards which can impose administrative fines and other noncriminal penalties. Section 162.09 provides that the recording of a certified copy of an order imposing a fine constitutes a lien against the land upon which the violation exists. The act is silent, however, as to the priority of liens which accrue under implementation of the act.
On May 15, 1984, the County enacted Ordinance 84-06 pursuant to chapter 162. Section 11 of the ordinance mirrors the procedure referred to in section 162.09 but additionally stipulates that when a certified copy of such an order is recorded, it becomes a lien "superior to all other liens, except a lien for taxes."
At a hearing on May 6, 1987, the Sarasota County Code Enforcement Board found the Andrews in violation of a different county ordinance for operating a landfill on their property without a permit. The board ordered payment of a fine, and on September 10, 1987 and February 12, 1988, recorded certified orders purporting to create a lien against the Andrews' property, which was still mortgaged to Coast Federal.
Sarasota County filed suit to foreclose its claim of lien, contending that it was due $32,800 plus interest.[1] It joined Coast Federal and NCNB National Bank of Florida, mortgagees, as defendants. The County sought to have the court declare the Coast Federal and NCNB liens inferior to the County's lien based on the above quoted language in Ordinance 84-06.[2]
The trial court entered a final summary judgment, finding that portion of section 11 purporting to make the County's lien superior to all non-tax liens unconstitutional under state and federal constitutions "as applied" to Coast Federal. We agree with that holding.
*115 The United States and Florida constitutions prohibit laws impairing the obligation of contracts. U.S. Const. art. I, § 10; Art. I, § 10, Fla. Const. A statute offends this prohibition when it "has the effect of rewriting antecedent contracts, that is, of changing the substantive rights of the parties to existing contracts." Manning v. Travelers Ins. Co., 250 So.2d 872, 874 (Fla. 1971).
We think the priority provision of the County's ordinance substantially impairs Coast Federal's prior mortgage lien by subordinating it to the County's lien. If by operation of the County's ordinance, Coast Federal's lien can be relegated to a secondary position, it is obviously of less value than the first-priority lien for which Coast Federal had contracted. Thus, the ordinance retrospectively impairs Coast Federal's contractual position.
In seeking to justify the priority provision, the County argues that a statute with retroactive provisions is not necessarily invalid. We agree, however, such a statute is valid only if vested rights are not adversely affected. McCord v. Smith, 43 So.2d 704, 708-709 (Fla. 1950). Clearly, Coast Federal's rights are adversely affected.
The County relies on Pomponio v. The Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979), for the proposition that the Florida Supreme Court has adopted the impairment of contract analysis of the United States Supreme Court, a balancing test that voids only those laws which substantially impair private contracts. Although the court in Pomponio suggests that some impairment is tolerable, it specifies that the bedrock of its analysis is the principle that virtually no degree of impairment will be allowed and indicates that the amount of impairment that might be tolerated will probably not be as much as would be acceptable under a traditional federal analysis. Pomponio at 780.
Along these lines, the County argues that it cannot be said that impairment has occurred unless and until Coast Federal suffers economic loss. It contends that because no evidence was presented regarding the value of the Andrews' property, it cannot be determined whether Coast Federal will be adversely affected  substantially or otherwise  by the fact that its lien has been reduced from first to second priority. The County posits that if the land is of sufficient value, both liens can be satisfied, and Coast Federal will not have been adversely affected by the priority provision. We disagree with the County's position.
We need not consider the value of the underlying property because the priority provision has worked an immediate impairment on Coast Federal's preexisting mortgage lien. The nature of priority is such that Coast Federal is automatically at a substantially greater risk of losing its investment if it has only a second, as opposed to a first, priority lien. Furthermore, mortgages held by commercial institutions are frequently sold on the secondary market, and the subordination of Coast Federal's lien impairs the marketability of its mortgage. This immediate diminishment in the value of Coast Federal's contract is repugnant to our constitutions. See In re Advisory Opinion to the Governor, Request of May 12, 1987, 509 So.2d 292, 314 (Fla. 1987), citing Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978).
Under the ordinance's scheme of governmental priority, Coast Federal has no practical power to protect its security interests in property from being impaired and possibly eliminated. The only way it can preserve its contracted-for position as first lien holder is to pay off the County's lien, which it represents to be now close to double its own lien of $37,514.51 plus interest. This would require an additional investment that Coast Federal neither contracted for nor could have anticipated when it made its loan to the Andrews before the ordinance was enacted. For the foregoing reasons, we hold the priority provision of the County's ordinance to be unconstitutional as applied to Coast Federal's lien.
In its cross-appeal, Coast Federal urges us to address the facial constitutionality of the priority provision. We, however, decline to do so in light of the fact that the *116 trial court made no ruling as to the provision's facial validity but limited its ruling to the provision's constitutionality as applied to Coast Federal.
Accordingly, we affirm.
HALL and ALTENBERND, JJ., concur.
NOTES
[1] Coast Federal represents that because of continuing fines, the principal sum due now to the County is in excess of $64,600.
[2] NCNB appeared as an appellee. However, we do not reach its contention that the county's ordinance is unconstitutional as applied to its mortgage because the judgment appealed only affects the mortgage lien of Coast Federal.