Mr. Herbert Elliott City Attorney City of Tarpon Springs Post Office Box 1575 Tarpon Springs, Florida 34286-1575
Dear Mr. Elliott:
You ask substantially the following question:
Does notice of lis pendens, recorded pursuant to s. 48.23, F.S., prior to a code enforcement board lien recorded pursuant to Ch.162, F.S., operate to bar the foreclosure of the code enforcement lien where the proceeding for which notice of lis pendens was recorded has been prosecuted to judicial sale and the property sold to a good faith purchaser?
In sum:
The recording of a notice of lis pendens pursuant to s. 48.23, F.S., bars the foreclosure of a code enforcement lien recorded after the notice of lis pendens where the proceeding for which notice of lis pendens was recorded has been prosecuted to judicial sale and the property sold to a good faith purchaser.
Chapter 162, F.S., the Local Government Code Enforcement Boards Act, seeks to provide "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[1] Local governments are authorized to create one or more code enforcement boards which may, among other things, impose administrative fines.[2]
Section 162.09(3), F.S., provides that a certified copy of the order imposing a fine recorded in the public records shall constitute a lien against the land on which the violation exists.
The Act does not provide for the priority of such lien. You note, however, that the Second District Court of Appeal struck down a county ordinance that provided that a code enforcement lien was superior to other existing liens.[3]
The doctrine of "lis pendens" has been generally defined as the jurisdiction, power or control that courts acquire over property that is involved in a suit pending the continuance of the action and until final judgment in such action.[4] The purpose of notice of lis pendens is to warn all persons that title to the property is in litigation and that they are in danger of being bound by an adverse judgment.[5]
Section 48.23(1)(a), F.S., provides that no action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property until a notice of the commencement of the action is recorded in the office of the clerk of circuit court of the county where the property is located. Such notice must contain the names of the parties, the time the action was instituted, the name of the court in which it is pending, a description of the property involved or affected, and a statement of the relief sought as to the property. Section 48.23(1)(b), F.S., provides:
The filing for record of such notice of lis pendens shall constitute a bar to the enforcement against the property described in said notice of lis pendens of all interests, except for interests of persons in possession, or easements in use and liens including but not limited to federal tax liens and levies, unrecorded at the time of filing for record such notice of lis pendens unless the holder of such unrecorded interest or lien shall intervene in such proceedings within 20 days after the filing and recording of said notice of lis pendens. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in said notice of lis pendens, the said property shall be forever discharged from all such unrecorded interests and liens. In the event said notice of lis pendens is discharged by order of the court, the same shall not in any way affect the validity of any unrecorded interest or lien.[6](e.s.)
Thus, the statute imposes a bar against the enforcement against the property described in the notice of lis pendens of liens unrecorded at the time of the filing of the notice of lis pendens. Moreover, the statute specifically provides that if the proceedings are prosecuted to a judicial sale of the property described in the lis pendens notice, the property is forever discharged from "all such unrecorded interests and liens." The term "such" has generally been defined as referring back to and identifying something previously described or specified.[7] Thus, the phrase "all such unrecorded interests and liens" would appear to refer to the antecedent description of interests and liens, i.e., those liens that were unrecorded at the time of the filing of the notice of lis pendens.
Your inquiry concerns a code enforcement lien recorded after the filing of the notice of lis pendens. Thus, s. 48.23, F.S., would appear to bar the enforcement of such lien against the property described in the notice of lis pendens unless the city, as holder of the unrecorded lien, intervenes within 20 days after the filing and recording of the notice of lis pendens or the notice of lis pendens is discharged by order of the court.[8] If the proceedings are prosecuted to judicial sale of the property described in the notice of lis pendens, such property would be discharged from liens unrecorded at the time of filing.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 162.02, F.S.
[2] See, s. 162.05, F.S., providing for the organization of such boards; and s. 162.09, F.S., authorizing the imposition of administrative fines by an enforcement board upon notification by the code inspector that an order of the board has not been complied with by the set time or upon finding that a repeat violation has been committed.
[3] Sarasota County v. Andrews, 573 So.2d 113 (2 D.C.A. Fla., 1991).
[4] See, De Pass v. Chitty, 105 So. 148 (Fla. 1925); Marchand v. DeSoto Mortgage Company, 149 So.2d 357 (2 D.C.A. Fla., 1963). And see, 35 Fla.Jur.2d Lis pendens s. 1.
[5] See, Ross v. Breder, 528 So.2d 64 (3 D.C.A. Fla., 1988); Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (4 D.C.A. Fla., 1985) (purpose of lis pendens is to alert creditors, prospective purchasers and others that title to property is involved in litigation).
[6] See, s. 48.23(2), F.S., which provides that the notice of lis pendens is not effectual beyond one year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under Part I, Ch. 713, F.S., against the property involved, except when the court extends the time on reasonable notice and for good cause.
[7] See, Webster's Third New International Dictionary Such p. 2283 (unabridged ed. 1981) (having a quality already or just specified, used to avoid repetition); 83 C.J.S. Such p. 771.
[8] As noted supra, s. 48.23(2), F.S., provides that a notice of lis pendens is not effectual beyond one year from the commencement of the action unless the relief is founded on a duly recorded instrument or lien claimed under Part I, Ch. 713 or the court extends the time on reasonable notice and for good cause. Section48.23(4), F.S., states that the period of time mentioned above does not include the period of pendency of any action in an appellate court.