998 So.2d 1173 (2008)
LR5A-JV, LP, Appellant,
v.
LITTLE HOUSE, LLC; Little Lakes, LLC; et al., Appellees.
No. 5D08-298.
District Court of Appeal of Florida, Fifth District.
December 24, 2008.
*1174 Steven Ellison of Broad & Cassel, West Palm Beach, for Appellant.
Geoffrey B. Dobson of Law Offices of Geoffrey B. Dobson, P.A., St. Augustine, for Appellee, Matanzas Shores Owner's Association.
No appearance for Appellees, Little House, LLC, and Little Lakes, LLC.
MUNYON, L., Associate Judge.
Appellant, LR5A-JV, LP, challenges a final judgment of foreclosure and subsequent order of clarification addressing the priority between Appellant's first mortgage and Appellees', Matanzas Shores Owners Association, Inc. (hereinafter "Association"), assessment liens. Because Appellant's argument of reversible error is predicated upon a misconstruction of the order of clarification, we affirm.
On July 8, 2005, LR5A-JV recorded a mortgage and security agreement, securing payment of a $17,500,000 promissory note, after agreeing to refinance real property owned by Little House, LLC and Little Lakes, LLC. The mortgage created a first lien against the real property. Because the real property was subject to the Association's Declaration of Covenants, Conditions and Restrictions (hereinafter "Declaration"), LR5A-JV obtained the Association's approval to refinance, as well as written confirmation that all assessments and charges had been paid. Subsequently, Little House and Little Lakes defaulted on their payment obligations to LR5A-JV and the Association.
The Association filed assessment liens on the property on April 20, 2006. LR5A-JV filed a complaint seeking foreclosure on May 17, 2007, naming the Association as one of the defendants. LR5A-JV subsequently moved for and was granted a final summary judgment of foreclosure. In relevant part, the final judgment foreclosed Little House and Little Lakes' claim in the property, set a date for public sale, and ordered disbursement of funds from the future sale to LR5A-JV after payment of costs. Subsequently, the Association and LR5A-JV filed post-judgment motions.
The Association moved for rehearing, asserting that section 720.3085, Florida Statutes, which became effective on July 1, 2007, granted its liens priority over that of LR5A-JV. LR5A-JV sought clarification and requested the trial court to specifically address the applicability of section 720.3085. The order of clarification indicated that the final judgment was predicated upon the plain language of section 720.3085 and the Association had to seek its remedy "from and through the parcel owners, not in the foreclosure action." Believing *1175 the order of clarification affected the priority of its mortgage, LR5A-JV appealed.[1]
The Association argues that section 720.3085(2), Florida Statutes, grants its lien priority over any other lien because it holds the current and previous parcel owners jointly and severally liable for unpaid assessments. This argument is predicated on the first sentence of section 720.3085(2), Florida Statutes (2007), which states, "A parcel owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title." The Association's argument is deficient because there is no record evidence that LR5A-JV purchased the property at public sale. Consequently, section 720.3085(2) is inapplicable because LR5A-JV is not the parcel owner; it is merely a creditor. Furthermore, there is nothing in the plain language of section 720.3085 that can reasonably be construed to give the Association's lien priority over LR5A-JV's mortgage.[2] The trial court's order of clarification correctly recognized that LR5A-JV is not the parcel owner and the Association may not seek relief in the foreclosure action.
We decline to address whether section 720.3085 can be retroactively applied because this issue is not yet ripe for adjudication.
Accordingly, we AFFIRM the final judgment of foreclosure and order of clarification and REMAND with instructions to proceed to foreclose the superior mortgage of LR5A-JV.
PALMER, C.J., and GRIFFIN, J., concur.
NOTES
[1] For the purposes of this appeal, we treat the motion for clarification as a motion for rehearing.
[2] The Association does not argue that its lien has priority over that of LR5A-JV independent of section 720.3085, Florida Statutes. Under the common law, a subsequently-filed homeowners' association assessment lien could take priority over a mortgage if the declaration contained specific language that its lien related back to the date the declaration was recorded or was otherwise superior to intervening mortgages. See Holly Lakes Ass'n v. Fed. Nat'l Mortgage Ass'n, 660 So.2d 266 (Fla.1995); Ass'n of Poinciana Villages v. Avatar Props., Inc., 724 So.2d 585 (Fla. 5th DCA 1998). The Association does not argue that its Declaration contains any such language.