CASANUEYA, Chief Judge.
 

 Coral Lakes Community Association, Inc. (the “HOA”), appeals a final summary judgment of foreclosure awarded to Busey Bank, N.A. (the “Bank”). The final judgment determined that the Bank had no liability to the HOA for past due HOA assessments that the HOA claimed pursuant to section 720.3085(2), Florida Statutes (2008). The disposition of this case is determined by the HOA’s Declaration of Covenants and Restrictions vis-a-vis the relevant regulatory statutes. As one would expect, these two competing parties possess diametrically opposed legal positions regarding whether the Bank should be liable for the mortgagors’ unpaid HOA assessments that will have accrued by the time title may be transferred to the Bank. For the reasons explained below, we conclude the Bank is not required to pay those delinquent assessments and affirm the summary judgment in foreclosure.
 

 Background
 

 The facts are undisputed. In May 2006, appellees Scott and Ruth Haley (“the homeowners”) executed a note and mortgage in favor of the Bank for $252,255.80 to purchase property located in the Coral Lakes community. The community’s governing document at this time, the Declaration of Covenants and Restrictions of Coral Lakes, provided the following:
 
 [1]
 

 9.1.6 Subordination of Lien. Where any person obtains title to a LOT pursuant to the foreclosure of a first mortgage of record, or where the holder of a first mortgage accepts a deed to a LOT in lieu of foreclosure of the first mortgage of record of such lender, such acquirer of title, its successors and assigns, shall not be liable for any ASSESSMENTS or for other moneys owed to Coral Lakes which are chargeable to the former OWNER of the LOT and which became due prior to acquisition of title as a result of the foreclosure or deed in lieu thereof, unless the payment of such funds is secured by a claim of lien recorded prior to the recording of the foreclosed or underlying mortgage.
 

 By January 2008, the homeowners were in arrears on both their mortgage payments due the Bank and assessments due the HOA. On June 3, 2008, the Bank instituted a foreclosure action against the homeowners, adding the HOA as a party defendant because of the accrued unpaid assessments.
 
 [2]
 
 On June 24, 2008, the HOA
 
 *582
 
 answered.and claimed as its first affirmative defense that pursuant to section 720.3085, Florida Statutes (2007),
 
 [3]
 
 the Bank’s mortgage was subordinate to all of the mortgaged premises’ unpaid common expenses which accrued or came due during the time period preceding the Bank’s acquisition of title at foreclosure sale or by-deed in lieu of foreclosure.
 
 [4]
 
 As its second affirmative defense, the HOA claimed that if a purchaser, including the Bank and its successors or assigns, purchases the mortgaged premises, including but not limited to, at a foreclosure sale, then this purchaser shall be jointly and severally liable with the previous owner to pay twelve months’ assessments which accrued preceding transfer of title or one percent of the original mortgage debt, whichever is less.
 

 The lawsuit proceeded quickly and as a fairly routine foreclosure action. On July 23, 2008, the Bank filed a motion for summary judgment of foreclosure, claiming the
 
 *583
 
 execution of the note and mortgage was not disputed, the failure to timely pay the note was not disputed, the priority of the note and mortgage was not disputed, and the only matters of law to be argued were the general law of notes, mortgages, and negotiable instruments and the Bank’s entitlement to attorney’s fees and costs. The Bank also claimed that, as a matter of law, the statutory changes to section 720.3085
 
 [5]
 
 should not be applied retroactively to its note and mortgage that predated the statutory change.
 

 At the hearing on the motion for summary judgment, the only contentious issue was whether the Bank was excused from paying the unpaid HOA assessments that had accrued. The Bank argued that at the time of the execution of its note and mortgage in 2006, the HOA’s Declaration gave its lien a distinct and very advantageous priority position over any HOA lien for unpaid assessments. Moreover, the Bank, by virtue of being an intended third-party beneficiary of this paragraph of the Declaration, could not have this benefit removed by operation of the statute, which was not in existence at the time it entered into its contract with the homeowners. Further, the Bank argued, citing to
 
 City of Sanford v. McClelland,
 
 121 Fla. 253, 163 So. 513 (1935), applying the new statutory language would impair the Bank’s contractual right, i.e., its vested lien priority.
 
 See id.
 
 at 514-15 (“A vested right has been defined as ‘an immediate, fixed right of present or future enjoyment’ and also as ‘an immediate right of present enjoyment, or a present, fixed right of future enjoyment.’ ” (quoting
 
 Pearsall v. Great N. Ry. Co.,
 
 161 U.S. 646, 673, 16 S.Ct. 705, 40 L.Ed. 838 (1896))).
 

 The HOA countered that the issue was not retroactive application of the amended statute because the Bank had not yet taken title to the parcel; therefore, assuming that the Bank would take title at a future foreclosure sale, it would be constrained to follow the dictates of the amended 2008 version of the statute at that time.
 
 Cf LR5A-JV, LP v. Little House, LLC,
 
 998 So.2d 1173, 1175 (Fla. 5th DCA 2008) (holding section 720.3085(2), Florida Statutes (2007), inapplicable because the appellant/mortgagee was not yet at the time of the suit the subsequent parcel owner; however, in dictum, the court stated that “[furthermore, there is nothing in the plain language of section 720.3085 that can reasonably be construed to give the Association’s lien priority over [the lender’s] mortgage”).
 

 The trial court agreed with the Bank, noting that
 
 City of Sanford
 
 would control to preclude impairment of vested rights by a statutory change. On September 22, 2008, the trial court entered a final judgment in foreclosure with the following language specifically addressing the lien priority/unpaid assessments issue:
 

 8. Upon filing the certificate of sale, the purchaser at the sale shall be let into possession of the property and the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property except that any purchaser other than Plaintiff [the Bank] shall be hable for unpaid assessments due [the HOA] pursuant to the provision of Section 720.3085, Florida Statutes.
 

 Analysis
 

 We conclude that because of the Declaration’s plain and unambiguous language subordinating any claim for unpaid HOA assessments to a first mortgagee’s claim upon foreclosure or deed in lieu of foreclosure, it controls and absolves the
 
 *584
 
 Bank, as first mortgagee, from liability for any assessments accruing before it acquires the parcel. “Restrictions found within a Declaration are afforded a strong presumption of validity, and a reasonable unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms.... ”
 
 Shields v. Andros Isle Prop. Owners Ass’n,
 
 872 So.2d 1003, 1005-06 (Fla. 4th DCA 2004) (quoting
 
 Emerald, Estates Cmty. Ass’n v. Gorodetzer,
 
 819 So.2d 190, 193 (Fla. 4th DCA 2002)). In this case, the restriction in the Declaration disadvantages the HOA, which the drafter had every right to do, and benefits all first mortgagees of homes in the community. First mortgagees in this community, although not parties to the Declaration that is the contract between the HOA and its members, are clearly third-party beneficiaries of this contract.
 
 See Green-acre Props., Inc. v. Rao,
 
 933 So.2d 19, 23 (Fla. 2d DCA 2006) (explaining that to enforce rights under a contract like a declaration, “[a] third party must establish that the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member”). The HOA could have protected itself if, in drafting its Declaration, it had included language that its lien for unpaid assessments related back to the date the Declaration was recorded or that it otherwise had lien superiority over intervening mortgages.
 
 See LR5A-JV,
 
 998 So.2d at 1175 n. 2. However, the HOA took the opposite tack to entice lenders to finance purchases in its community. The statutory change in section 720.3085 cannot disturb that prior, established contractual relationship.
 

 To hold otherwise would implicate constitutional concerns about impairment of vested contractual rights.
 
 See
 
 art. I, § 10, Fla. Const. (“No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed.”). In this state, it is a “well-accepted principle that virtually no degree of contract impairment is tolerable.”
 
 Pomponio v. Claridge of Pompano Condo., Inc.,
 
 378 So.2d 774, 780 (Fla.1979) (citing
 
 Yamaha Parts Distribs., Inc. v. Ehrman,
 
 316 So.2d 557 (Fla.1975)). To avoid this longstanding principle, the HOA argues that even if applying section 720.3085 to this case would impair the Bank’s contractual rights, such impairment is constitutionally reasonable or minimal. We do not agree.
 

 The facts of this case are similar to those in
 
 Sarasota County v. Andrews,
 
 573 So.2d 113 (Fla. 2d DCA 1991). There, Sarasota County passed an ordinance declaring that a fine imposed by the county on property, when recorded, becomes a lien against the property that is superior to all other liens except a lien for taxes. Pursuant to this ordinance, the county imposed a fine on a property for operation of an illegal landfill and recorded it as a lien. The property at issue in the case was subject to a prior mortgage in favor of Coast Federal Savings & Loan Association. Sarasota County filed suit against the property owner to foreclose its claim of lien, added the mortgagee Coast Federal as a defendant, and sought a declaration that Coast Federal’s lien was inferior to the county’s lien. The trial court entered a final summary judgment finding Coast Federal’s lien superior because it found that the portion of the ordinance making the county’s lien superior to all nontax liens was unconstitutional, as applied. We affirmed the summary judgment, saying:
 

 We think the priority provision of the County’s ordinance substantially impairs Coast Federal’s prior mortgage lien by subordinating it to the County’s lien. If by operation of the County’s ordinance, Coast Federal’s lien can be relegated to a secondary position, it is obviously of
 
 *585
 
 less value than the first-priority lien for which Coast Federal had contracted. Thus, the ordinance retrospectively impairs Coast Federal’s contractual position.
 

 Id.
 
 at 115.
 

 Much like the county’s argument in
 
 Sarasota County v. Andrews,
 
 the HOA here argues that any impairment is permissible as minimal. We disagreed with this argument in
 
 Sarasota County v. Andrews
 
 and disagree with it here:
 

 [T]he priority provision [of the ordinance] has worked an immediate impairment on Coast Federal’s preexisting mortgage lien. The nature of priority is such that Coast Federal is automatically at a substantially greater risk of losing its investment if it has only a second, as opposed to a first, priority lien. Furthermore, mortgages held by commercial institutions are frequently sold on the secondary market, and the subordination of Coast Federal’s lien impairs the marketability of its mortgage. This immediate diminishment in the value of Coast Federal’s contract is repugnant to our constitutions.
 

 Id.
 

 More recently, this court reviewed an impairment challenge in
 
 Lee Comity v. Brown,
 
 929 So.2d 1202 (Fla. 2d DCA 2006). There, homebuilders challenged the validity of a local ordinance imposing a school impact fee on those applying for a building permit. This court recognized that
 
 Pomponio
 
 required the application of a balancing test which “weighs the degree of impairment against the source of authority under which the law is enacted and the ‘evil’ the law is intended to remedy.” 929 So.2d at 1208 (citing
 
 Pomponio,
 
 378 So.2d at 780). However, the
 
 Pomponio
 
 balancing test is not required under
 
 Sarasota County v. Andrews
 
 where the statutory enactment “results in an immediate diminishment in the value of the contract.” 929 So.2d at 1208-09 (citing
 
 Sarasota County v. Andrews,
 
 573 So.2d at 115). Impairment, in this context has been defined, in part, as “to make worse; to diminish in quantity, value, excellency or strength^.]”
 
 Id.
 
 at 1208 (quoting
 
 Pompo-nio,
 
 378 So.2d at 781 n. 41). If we were to apply the amended statute in this instance, the economic value of the Bank’s mortgage would be lessened as well as the power of its priority position.
 

 Alternatively, were it appropriate to apply the balancing test, the HOA’s argument would still fail. While the law may deal with the economic problem facing homeowners’ associations in general, its application here would place the economic burden not on the homeowner, the root of the problem of the unpaid assessments, but on the entity that previously made the construction or purchase of the home possible. Moreover, the Declaration of Covenants and Restrictions was never altered to place a lender on notice that its economic position would be subordinate to the HOA’s claims. When balanced in this factual circumstance, the statute would operate to severely, permanently, and immediately change the parties’ economic relationship retroactively, a circumstance not supportable under the law.
 

 Conclusion
 

 The HOA yielded any right to claim it had a superior lien position to the Bank’s preexisting mortgage by virtue of the plain and unambiguous language of its Declaration,
 
 [6]
 
 which the Bank had every right to rely upon when deciding to finance the homeowners’ home in the Coral Lakes
 
 *586
 
 community. The trial court did not err in finding the Bank’s first mortgage lien superior to the HOA’s claim for unpaid assessments notwithstanding section 720.3085.
 

 Affirmed.
 

 DAVIS, J., Concurs.
 

 WALLACE, J., Concurs in result only.
 

 [1]
 

 . This provision clearly favors potential first mortgage holders who generally buy the properties upon which they foreclose. We make this observation because the remaining, unquoted portion of this section does not exclude other types of buyers of homes with delinquent fees from payment of those fees. This section was likely added to the Declaration to induce lenders to aid homeowners in purchasing property in the community by awarding them priority over the HOA’s claims for unpaid assessments.
 

 [2]
 

 . Riverside Bank of the Gulf Coast is apparently the holder of another, inferior lien but has not appeared in this appeal.
 

 [3]
 

 . At the time of the filing of the foreclosure suit and the HOA’s answer and affirmative defenses, section 720.3085, Florida Statutes (2007), provided in part:
 

 (1) A parcel owner, regardless of how his or her title to property has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments that come due while he or she is the parcel owner. The parcel owner’s liability for assessments may not be avoided by waiver or suspension of the use or enjoyment of any common area or by abandonment of the parcel upon which the assessments are made.
 

 (2) A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the present parcel owner may have to recover any amounts paid by the present owner from the previous owner.
 

 This was the initial enactment of this section, effective July 1, 2007. See ch. 2007-183, §§ 1-2, at 1603-05, Laws of Fla. On July 1, 2008, after the foreclosure complaint and the answer and affirmative defenses were filed, tire newly amended version of the statute became effective. A new subsection (1) was added (not at issue here); former subsection
 

 (1) was renumbered subsection (2)(a); former subsection (2) was renumbered subsection
 

 (2)(b); and new language was inserted, numbered subsection (2)(c), as follows:
 

 (c) Notwithstanding anything to the contrary contained in this section, the liability of a first mortgagee, or its successor or assignee as a subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee’s acquisition of title, shall be the lesser of:
 

 1. The parcel’s unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
 

 2. One percent of the original mortgage debt. The limitations on first mortgagee liability provided by this paragraph apply only if the first mortgagee filed suit against the parcel owner and initially joined the association as a defendant in the mortgagee foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location that was known to or reasonably discoverable by the mortgagee.
 

 Ch. 2008-175, § 1-2, at 2034-35, Laws of Fla.
 

 Thus, instead of being jointly and severally responsible for all unpaid assessments of a foreclosed homeowner, as of July 1, 2008, tire first mortgagee who holds title now has limited liability, either the prior twelve months’ worth of unpaid assessments or one percent of the original mortgage debt, whichever is less.
 

 [4]
 

 . We note that at the time the HOA filed its answer and affirmative defenses, the homeowners were still the record titleholders of the property as there had not yet been a judgment of foreclosure, a foreclosure sale, or a certificate of sale filed. Subsequent to filing the notice of appeal in diis case, the Bank bought the home at the foreclosure sale and its certificate of title was recorded on December 24, 2008.
 

 [5]
 

 .
 
 See
 
 footnote 2, above.
 

 [6]
 

 .
 
 We make no comment on the HOA's argument that the Florida Legislature effectively rewrote section 9.1.6 of its Declaration when it enacted or amended section 720.3085 because that was not the basis of the trial court’s summary judgment.