DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PUDLIT 2 JOINT VENTURE, LLP,**
a Florida limited liability partnership,
Appellant,

v.

**WESTWOOD GARDENS HOMEOWNERS ASSOCIATION, INC.,**
a Florida corporation not-for-profit,
Appellee.

No. 4D14-1385

[May 27, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 502013CA004260XXXXMB(AF).

Robin I. Frank of Shapiro Blasi Wasserman & Gora, P.A., Boca Raton, for appellant.

W. Todd Boyd and Yvette R. Lavelle of Boyd Richards Parker & Colonnelli, P.L., Miami, for appellee.

LEVINE, J.

The issue presented is whether the trial court's reliance on a Florida statute rather than the provisions of the homeowners' association declaration governing the parties in this case unconstitutionally impairs appellant's right to contract. Because the trial court's application of the statute impairs appellant's freedom of contract, we conclude that the court erred in granting summary judgment in favor of appellee and reverse and remand for entry of summary judgment in favor of appellant.

Pudlit 2 Joint Venture, LLP, plaintiff/appellant, appeals the entry of summary judgment and order of final dismissal in its breach of contract and declaratory relief action against Westwood Gardens Homeowners Association, Inc., defendant/appellee. Appellant purchased two properties at foreclosure sales that were located within communities maintained by the association. Subsequent to appellant's purchases of the properties, the association demanded payment for any and all unpaid association

assessments, including those that came due prior to appellant's ownership, under threat of a claims lien foreclosure. Appellant paid the past-due assessments for both properties via check remitting that it "paid under protest and with full reservation of all rights and remedies."

Appellant filed suit against the association seeking damages for breach of declaration (count I) and declaratory relief (count II), alleging that any liens for past due assessments were extinguished by the foreclosure judgments pursuant to the terms of the association's Declaration of Covenants, Conditions, and Restrictions. The association cross-moved for summary judgment, arguing that section 720.3085, Florida Statutes (2013), clearly mandates that appellant is jointly and severally liable with the prior owners for all unpaid assessments on the subject properties, thus amending the declaration. Appellant argued that section 720.3085 did not impose liability upon appellant, because the declaration's express terms were not invalidated by the statute or waived by appellant, and imposition of the statute against the declaration's express terms would unconstitutionally impair its contractual rights.

After a hearing, the trial court entered an order denying appellant's summary judgment motion and an order granting the association's cross-motion. After denying appellant's motion for reconsideration, the trial court entered a final order of dismissal of appellant's claims. Appellant timely appealed.

"The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1074 (Fla. 2001). Contract construction and statutory interpretation are both questions of law. *See Mena v. J.I.L. Constr. Grp. Corp.*, 79 So. 3d 219, 222 (Fla. 4th DCA 2012); *E.A.R. v. State*, 4 So. 3d 614, 629 (Fla. 2009).

> If the statute is clear and unambiguous, we will not look behind its plain language for legislative intent or resort to rules of statutory construction to ascertain intent. In such an instance, "the statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent."

*Harvard ex. Rel. J.H. v. Vill. of Palm Springs*, 98 So. 3d 645, 647 (Fla. 4th DCA 2012) (citations omitted). Further, "[e]very statute must be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts." *Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n*, 125 So. 3d 846, 849 (Fla. 4th

DCA 2013) (citation omitted).  This principle "applies with equal force in instances where a part of the statute standing alone may appear to be clear and unambiguous."  *Id.* at 850.

"The declaration of condominium, which is the condominium's 'constitution,' creates the condominium and 'strictly governs the relationships among the condominium unit owners and the condominium association.'  A declaration of condominium must be strictly construed."  *Curci Vill. Condo. Ass'n v. Maria,* 14 So. 3d 1175, 1177 (Fla. 4th DCA 2009) (citation omitted).  Furthermore, "[r]estrictions found within a Declaration are afforded a strong presumption of validity, and a reasonable unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms . . . ."  *Shields v. Andros Isle Prop. Owners Ass'n,* 872 So. 2d 1003, 1005-06 (Fla. 4th DCA 2004) (citation omitted).  "Under Florida law, which governs this dispute, 'courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship or improvident bargain.'"  *United States v. Bridgewater Cmty. Ass'n,* 2013 WL 3285399, at *9 (M.D. Fla. June 27, 2013) (citation omitted).

The statute at issue in this case, section 720.3085, provides:

> *A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title.*  This liability is without prejudice to any right the present parcel owner may have to recover any amounts paid by the present owner from the previous owner.

§ 720.3085(2)(b), Fla. Stat. (2013) (emphasis added).  Further, under Chapter 720, "the Legislature recognizes that certain contract rights have been created for the benefit of homeowners' associations and members thereof before the effective date of this act and that *ss. 720.301-720.407 are not intended to impair such contract rights.*"  § 720.302(2), Fla. Stat. (2013) (emphasis added).

Significantly, the homeowners' declaration in the present case provides that a subsequent owner of a property within the association will not be liable for payment of any assessments owed by the prior owner.  Thus, section 720.3085(2)(b) conflicts with the declaration of the association in the case at bar, which provides:

The annual and special assessments, together with such late charges, interest thereon and costs of collection thereof, as hereinafter provided shall be a charge on the land and shall be a continuing lien upon the property upon which each such assessment is made, and said lien may be enforced in the same manner in which mortgages are enforced. Each such assessment, together with such late charges, interest, costs, and reasonable attorney's fees, shall also be the personal obligation of the person who was the Owner of such property at the time when the assessments fell due. *The personal obligation for delinquent assessments shall not pass to his successors in title unless expressly assumed by them.*

. . . .

The lien of the assessments provided for herein shall be superior to all other liens save and except tax liens and mortgage liens, provided said mortgage liens are first liens against the property encumbered thereby (subject only to tax liens). *Sale or transfer of any Lot which is subject to a mortgage as herein described, pursuant to a decree of foreclosure thereof, shall extinguish the lien of such assessments as to payments thereof which become due prior to such sale or transfer. No sale or transfer shall relieve such Lot from liability for any assessments thereafter becoming due or from the lien thereof.*

(emphasis added).

The association's argument that the legislature's enactment of section 720.3085 amended the declaration is without merit. A declaration can be amended according to the procedure outlined within the declaration, or according to statute, by two-thirds' approval of the homeowners. *See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1090 (Fla. 3d DCA 2014). Generally, "repeal or invalidation by implication [of restrictions and provisions in a declaration] is not favored and generally will not be presumed absent a clear legislative intent." *United States v. Forest Hill Gardens E. Condo. Ass'n*, 990 F. Supp. 2d 1344, 1349 (S.D. Fla. 2014). The declaration here provides the following amendment procedures:

[A]s long as Declarant controls the Association, the Declarant may make and file any amendment hereto required by the Declarant or by the Federal National Mortgage Association or Veteran's Administration or Federal Housing Administration

4

or Federal Home Loan Mortgage Corporation or any governmental body with jurisdiction over the Property, provided said amendment does not materially, adversely affect the rights of a Lot Owner, as determined solely by the Declarant, by an instrument executed only be the Developer. Such amendment need not be signed or executed in the manner otherwise provided for herein.

The only provisions in the declaration providing for automatic amendment based on legislative action are limited to amendments which are "required" by the plain language of the legislation. Nothing in the language of section 720.3085(2)(b) demonstrates that it is "required" to be adopted by Florida homeowners' associations. Thus, the association cannot argue that section 720.3085, as enacted by the Florida legislature, automatically amended the association's declaration.[1] *Compare Kaufman v. Shere*, 347 So. 2d 627, 627-28 (Fla. 3d DCA 1977) (holding that a specific statutory provision "was incorporated into" the declaration "by virtue of the express wording of the Declaration itself" which "unequivocally states that provisions of the Condominium Act are adopted '*as it may be amended from time to time*'"), *with Palm-Aire Country Club Condo. Ass'n No. 2, Inc. v. F.P.A. Corp.*, 357 So. 2d 249, 251-52 (Fla. 4th DCA 1978) (rejecting the lessees' position that "the condominium documents were automatically amended when the Condominium Act was amended," "because, unlike *Kaufman*, the condominium documents in this case do not expressly adopt the provisions of the Condominium Act," and rather outline "an exclusive method of amendment which does not include an automatic amendment whenever there is a change in the Condominium Act"). Because the association did not amend its declaration to specifically adopt section 720.3085, the section should not be applied to supersede the express terms of the declaration.

Thus, the question in this case becomes whether application of section 720.3085(2)(b) unconstitutionally impairs appellant's contractual rights under the association's declaration which absolves appellant of such liability. As previously stated, section 720.3085(2)(b) was "not intended to impair [] contract rights" which were "created for the benefit of homeowners' associations and members thereof before the effective date" of the statute. *See* § 720.302(2), Fla. Stat. (2013).

---

[1] Likewise, section 720.3085 does not declare association declaration provisions which waive a third party purchaser's liability for unpaid assessments on foreclosed properties to be "null and void as against public policy." *Cf.* § 720.3075(1), Fla. Stat. (2013) (specifying certain HOA declaration provisions that are "declared null and void as against the public policy of this state").

Similar to the federal constitutional contract clause, the Florida Constitution prohibits the impairment of contracts. *Compare* U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."), *with* Fla. Const. art. I, § 10 ("No . . . law impairing the obligation of contracts shall be passed."). Thus, a basic tenet of our constitution, both state and federal, is the prohibition on impairment of contracts. Justice Joseph Story, in considering the impairment of contracts by the states, stated that

> [a]ny deviation from its terms, by postponing, or acceleration the period of performance of which it prescribes, or by imposing conditions not expressed in the contract, or by dispensing with the performance of those, which are a part of the contract, however minute, or apparently immaterial in their effects upon it, impairs an obligation. *A fortiori*, a law, which makes the contract wholly invalid, or extinguishes, or releases it, is a law impairing it.

Joseph Story, A Familiar Exposition of the Constitution of the United States § 244, at 197 (Regnery Gateway, Inc. 1986) (1859).

"An impairment occurs, . . . when a contract is made worse or is diminished in quantity, value, excellence or strength." *Lawnwood Med. Ctr., Inc. v. Seeger*, 959 So. 2d 1222, 1224 (Fla. 1st DCA 2007). "In this state, it is a 'well-accepted principle that virtually no degree of contract impairment is tolerable.'" *Coral Lakes Cmty. Ass'n v. Busey Bank, N.A.*, 30 So. 3d 579, 584 (Fla. 2d DCA 2010) (quoting *Pomponio v. Claridge of Pompano Condo., Inc.*, 378 So. 2d 774, 780 (Fla. 1979)). A third-party beneficiary to a contract possesses the same constitutional right against the impairment of that contract as the parties to the contract. *See id.* (citing *Greenacre Props., Inc. v. Rao*, 933 So. 2d 19, 23 (Fla. 2d DCA 2006) (explaining that to enforce rights under a declaration, "[a] third party must establish that the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member")).

In *Coral Lakes*, the bank instituted a foreclosure action against the homeowners, adding the HOA as a defendant because of a lien for accrued unpaid assessments. The HOA, relying upon section 720.3085, claimed that if the bank purchased the mortgaged premises at a foreclosure sale, then it would be jointly and severally liable with the previous owner to pay the past due assessments. 30 So. 3d at 582. The bank argued that it was

6

an intended third-party beneficiary of the HOA's declaration which provided that neither it nor a third-party purchaser at a foreclosure sale would be liable for past due assessments.[2]  The trial court agreed with the bank and entered a final judgment in foreclosure, ruling that the bank would not be liable for unpaid assessments due to the HOA upon purchasing the property.  *Id.* at 583.

On appeal, the Second District agreed with the trial court's analysis, finding that first mortgagees, like the bank, "although not parties to the Declaration that is the contract between the HOA and its members, are clearly third-party beneficiaries of this contract."  *Id.* at 584.  The court concluded that "the Declaration's plain and unambiguous language . . . controls and absolves the Bank, as first mortgagee, from liability for any assessments accruing before it acquires the parcel."  *Id.* at 583-84.  Thus, the appellate court affirmed, stating that "[t]o hold otherwise would implicate constitutional concerns about impairment of vested contractual rights."  *Id.* at 584.  *See also Ecoventure WGV, Ltd. v. Saint Johns Nw. Residential Ass'n*, 56 So. 3d 126, 127-28 (Fla. 5th DCA 2011) (holding that section 720.3085 cannot "be applied to impose joint and several liability on [appellant] for the unpaid homeowner's association assessments incurred by its mortgagor," because imposing the statute on appellant "'would operate to severely, permanently, and immediately change the parties' economic relationship . . . a circumstance not supportable under the law'") (quoting *Coral Lakes*, 30 So. 2d at 584).

Here, the declaration provides that "[t]he personal obligation for delinquent assessments shall not pass to his successors in title unless expressly assumed by them" and "[s]ale or transfer of any Lot . . . pursuant to . . . foreclosure . . . shall extinguish the lien of such assessments as to payments thereof which become due prior to such sale or transfer."  Thus, the declaration "expressly creates rights" for successors in title to properties within the association, like appellant, and the declaration provisions "primarily and directly benefit" successors in title.  *Rao*, 933 So.

---

[2] The provision the bank relied upon states:
> Where any person obtains title to a LOT pursuant to the foreclosure of a first mortgage of record, or where the holder of a first mortgage accepts a deed to a LOT in lieu of foreclosure of the first mortgage of record of such lender, such acquirer of title, its successors and assigns, shall not be liable for any ASSESSMENTS or for other moneys owed to Coral Lakes which are chargeable to the former OWNER of the LOT and which became due prior to acquisition of title as a result of the foreclosure or deed in lieu thereof, unless the payment of such funds is secured by a claim of lien recorded prior to the recording of the foreclosed or underlying mortgage.

*Coral Lakes*, 30 So. 3d at 581.

2d at 23.  Accordingly, appellant, a successor in title, is clearly an intended third party beneficiary and holder of vested rights in the declaration.  *See id.*; *Coral Lakes*, 30 So. 3d at 584.  Further, "the Declaration's plain and unambiguous language . . . absolves [appellant], as [successor through a foreclosure sale], from liability for any assessments accruing before it acquires the parcel."  *Coral Lakes*, 30 So. 3d at 583-84.  Such "a reasonable unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms."  *Shields,* 872 So. 2d at 1005-06 (citation omitted).

In summary, the trial court's reliance on section 720.3085(2)(b) rather than the provisions of the declaration violated appellant's right against the impairment of contract, where appellant was a third-party beneficiary of the declaration.  Based on the plain, unambiguous language of the declaration, absolving a successor in title from any liability for assessments that accrued prior to the successor's acquisition of title, appellant was not liable for the unpaid assessments demanded by the association.  For these reasons, we reverse the summary judgment entered in favor of the association and remand for entry of summary judgment in favor of appellant.

*Reversed and remanded with directions.*

MAY and CIKLIN, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**