**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant,**

v.

**MIRABELLA AT MIRASOL HOME-OWNERS' ASSOCIATION, INC., Appellee.**

**No. 4D15–4792.**

District Court of Appeal of Florida, Fourth District.

Nov. 23, 2016.

Dariel Abrahamy and Aaron Williams of Greenspoon Marder, P.A., Boca Raton, for appellant.

Ryan M. Aboud and Keith F. Backer of Backer Aboud Poliakoff & Foelster, LLP, Boca Raton, for appellee.

LEE, ROBERT W., Associate Judge.

The question in this appeal is one of first impression in Florida: which word does the word "initially" modify in the statute limiting liability of a first mortgage holder for certain homeowner association assessments? Because we believe the trial court correctly construed the statute by applying that word to the verb "join," we affirm.

The appellant Federal National Mortgage Association ("FNMA") obtained title to certain real property in Palm Beach County through an action foreclosing its first mortgage. At the time it filed its foreclosure action, it failed to join the appellee homeowners association ("Mirabella") to extinguish any interest or claim Mirabella may have had in the subject property. Ultimately, four years into the mortgage foreclosure action, FNMA amended its complaint to join Mirabella.

■ Generally speaking, as established at common law, a junior lienholder cannot extinguish a senior lienholder's interest in real property. Because the Mirabella Declaration of Covenants ("Declaration") provides for a continuing lien for assessments and was recorded in the public records prior to the recording of the FNMA mortgage, the liability for assessments coming due under the recorded Declaration would have priority over the subsequently-filed mortgage under common law. *LR5A–JV, LP v. Little House, LLC*, 998 So.2d 1173, 1175 n. 2 (Fla. 5th DCA 2008). The Florida Legislature, however, modified the common law scheme by enacting Section 720.3085(2)(c), Florida Statutes, sometimes referred to as a "safe harbor" statute. Under this statute,

the liability of a first mortgagee, or its successor or assignee as a subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title, shall be the lesser of:

1. The parcel's unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

2. One percent of the original mortgage debt.

Continuing, this subsection of the statute further provides that "[t]he limitations on first mortgagee liability ... apply only if the first mortgagee filed suit against the parcel owner and *initially joined* the association as a defendant in the mortgage foreclosure action." § 720.3085(2)(c), Fla. Stat. (emphasis added). Therefore, if Mirabella were "initially joined" in the action, FNMA would face only limited liability for assessments coming due before it took title to the property.

■ After FNMA gained title to the property through the foreclosure action, Mirabella brought its own lien foreclosure action against FNMA to collect *all* pre-title assessments due to Mirabella, without limitation. FNMA defended by arguing that it did not have to pay these assessments because it was protected by the safe harbor statute.

While Mirabella agrees that FNMA as a first mortgagee would have been able to take advantage of the limited liability statute, it argues that FNMA never sailed into the safe harbor because FNMA failed to "initially join" Mirabella in the mortgage foreclosure action. In other words, by waiting four years to join Mirabella as a defendant rather than doing so at the inception of the suit, FNMA never acquired the protection of the statute. On the other hand, FNMA argues that the word "initially" refers to the entire first action for foreclosure, and that the statute would not apply in a subsequent action such as an action to reforeclose an omitted junior lienholder. Under FNMA's interpretation, as long as it added Mirabella as a defendant in the initial action at some point, FNMA would be protected. The trial court, however, agreed with Mirabella.

We agree with the trial court that the statute is not ambiguous. It takes no linguistic feat to determine that the adverb "initially" modifies "joined" and not "action." If the legislature had intended the word to apply to "action," it would have used the adjective "initial" instead of the adverb "initially" and placed it next to the phrase "mortgage foreclosure action." Simply put, while the legislature could have provided that the safe harbor applied if the association were joined at any point in the initial mortgage foreclosure action, that is not what the legislature said.

FNMA urges that such a construction would result in an absurdity. We disagree. It is completely reasonable to conclude that the legislature, in modifying the common law position, wanted a homeowners association to be able to be involved in the case from the start so that it could have the ability to move the case along and monitor its progress. It could then notice the case for trial at an early point in the litigation. It could ask the court for mediation. As a non-profit entity, it could have attempted to minimize its loss in assessments as it is generally in an association's best interest to move the case to a quick resolution. *See* Michael J. Gelfand, *Condominium and Homeowners' Association Liens, in* FLORIDA CONDOMINIUM AND COMMUNITY ASSOCIATION LAW § 16.92 (The Fla. Bar ed., 2d ed.2011).

In this case, we find that Mirabella was entitled to seek the entire amount of unpaid assessments because FNMA failed to "initially join" Mirabella in the FNMA mortgage foreclosure.

*Affirmed.*

CIKLIN, C.J., and TAYLOR, J., concur.