# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1185
Lower Tribunal No. 15-21095
_____

## Beacon Hill Homeowners Association, Inc., et al.,
Appellants,

vs.

## Colfin Ah-Florida 7, LLC,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Paige Law Group, P.A., and Robert E. Paige, for appellants.

Law Offices of Jonathan J. Alfonso, P.A, Jonathan J. Alfonso and Carolina Maria Dutriz, for appellee.

Before ROTHENBERG, SALTER and FERNANDEZ, JJ.

FERNANDEZ, J.

Beacon Hill Homeowners Association, Inc. and Old Cutler Lakes by the Bay Community Association, Inc. (collectively, the Associations) appeal the trial court's summary final judgment in favor of Colfin Ah-Florida 7, LLC, as well as

the respective parties' motions for rehearing or reconsideration. We affirm, adopting the Fourth District Court of Appeal's decision in <u>Pudlit 2 Joint Venture, LLP v. Westwood Gardens Homeowners Association, Inc.</u>, 169 So. 3d 145 (Fla. 4th DCA 2015).

On October 24, 2011, JPMorgan Chase Bank, National Association filed a foreclosure action in Miami-Dade County Circuit Court against a property owner. On February 10, 2015, the Miami-Dade County Clerk of the Court issued the Certificate of Title to appellee, Colfin AH-Florida 7, LLC, who was the successful bidder of the underlying property at the foreclosure sale. Pursuant to the recorded declarations of each associations, Colfin was not liable for any amounts owed by the previous owners of the property.

For example, Beacon Hill's Declaration provided:

> **<u>Section 9.</u> SUBORDINATION OF THE LIEN TO MORTGAGES.** The lien of the assessments provided for herein shall be a lien superior to all other liens save and except tax liens and mortgage liens, provided said mortgage liens are first liens against the property encumbered thereby, subject only to tax liens, and said first mortgage secures an indebtedness which is amortized on monthly or quarter-annual payments over a period of not less than ten (10) years. The sale or transfer of any Lot pursuant to the foreclosure or any proceeding in lieu thereof of a first mortgage meeting the above qualifications, shall extinguish the lien of such assessments as to payments which became due prior to such sale or transfer. No sale or transfer shall relieve such Lot from liability for any assessments thereafter becoming due or from the lien thereof.

Old Cutler's Declaration stated:

**Section 10: Subordination of the Lien to Mortgages.** The lien of the assessments provided for herein shall be a lien superior to all other liens save and except tax liens and mortgage liens, provided said mortgage liens are first liens against the property encumbered thereby, subject only to tax liens, and said first mortgage secures an indebtedness which is amortized on monthly or quarter-annual payments over a period of not less than ten (10) years. The sale or transfer of any Lot pursuant to the foreclosure or any proceeding in lieu thereof of a first mortgage meeting the above qualifications, shall extinguish the lien of such assessments as to payments which became due prior to such sale or transfer. No sale or transfer shall relieve such Lot from liability for any assessments thereafter becoming due or from the lien thereof.

In May 2015, Colfin received a claim of lien letter from each association. The first letter claimed Colfin owed $7,463.25 to Beacon Hill for $1,268.25 in assessments, $6,025.00 in attorney's fees, and $170.00 in costs. The second lien letter claimed Colfin owed $8,072.40 to Old Cutler for $1,998.40 in assessments, $6,024.00 in attorney's fees, and $50.00 in costs. Colfin filed a complaint to quiet title and for a declaratory judgment, contending that the Declaration prohibited collection of the amounts the Associations claimed were owed.

The trial court held a hearing on Colfin's Motion for Summary Judgment. Colfin contended that the Declarations prohibited the collection of the amounts the Associations claimed were owed. The Associations argued that language in the Declarations allowing the Associations to exercise any powers afforded to a corporation amounted to what is referred to as "Kaufman" language, referencing Kaufman v. Shere, 347 So.2d 627 (Fla. 3DCA 1977). The Associations further

3

argued that their Declarations incorporated future changes in the law, and thus the joint and several liability provision of section 720.3085(2)(b) Florida Statutes (2016) was incorporated into the terms of their Declarations.[1] At the conclusion of the hearing, the trial court ruled in favor of Colfin, finding that the Declaration of the Association of each of the associations controlled. The Associations' separate motions for rehearing were denied. The Associations now appeal these rulings.

The standard of review on appeal for a motion for summary judgment based on a quiet title action is de novo. Volusia County v. Aberdeen at Ormond Beach, 760 So. 2d 126, 130 (Fla. 2000). The standard of review on appeal of a motion for rehearing is abuse of discretion. Villas at Laguna Bay Condo. Assn. Inc. v. Citimortgage, Inc., 190 So. 3d 200 (Fla. 5th DCA 2016).

The Associations contend that they are allowed to avoid the Declarations which govern them. We disagree and follow our previous ruling in Garden of Kendall Condominium v. Valores Agregados, 187 So. 3d 252 (Fla. 3d DCA 2016), which adopted the Fourth District Court of Appeal's decision in Pudlit 2 Joint Venture, LLP v. Westwood Gardens Homeowners Association, Inc., 169 So. 3d 145 (Fla. 4th DCA 2015), by citation in a per curiam affirmance.

---

[1] Section 720.3085((2)(b) provides that a third party purchasing a property is jointly and severally liable with the previous owner "for all unpaid assessments that came due up to the time of transfer of title."

4

In Pudlit, the plaintiff/appellant Pudlit 2 Joint Venture, LLP purchased two properties, at a foreclosure sale, located within communities maintained by defendant/appellee Westwood Gardens Homeowners Association, Inc. Westwood demanded payment for all unpaid association assessments left unpaid prior to Pudlit's ownership. Id. at 147.

Pudlit sued Westwood for breach of declaration and declaratory relief, alleging that any liens for past due assessments were extinguished by the foreclosure judgments pursuant to the terms of the association's Declaration of Covenants, Conditions, and Restrictions. Id. Westwood cross-moved for summary judgment, arguing that section 720.3085, Florida Statutes (2013), mandated that Pudlit was jointly and severally liable with the prior owners for all unpaid assessments on the subject properties. Id. Pudlit contended that "section 720.3085 did not impose liability upon appellant, because the declaration's express terms were not invalidated by the statute or waived by appellant, and imposition of the statute against the declaration's express terms would unconstitutionally impair its contractual rights." Id. The trial court denied Pudlit's summary judgment motion and granted Westwood's cross-motion. Id.

On appeal, the Fourth District Court of Appeal sided with Pudlit, stating:

> The association's argument that the legislature's enactment of section 720.3085 amended the declaration is without merit. A declaration can be amended according to the procedure outlined within the declaration, or according to statute, by two-thirds' approval of the homeowners. See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1090 (Fla. 3d DCA 2014). Generally, "repeal or invalidation by implication [of restrictions and provisions in a declaration] is not favored and generally will not be presumed absent a clear legislative intent." United States v. Forest Hill Gardens E. Condo. Ass'n, 990 F. Supp. 2d 1344, 1349 (S.D. Fla. 2014). The declaration here provides the following amendment procedures:

>> [A]s long as Declarant controls the Association, the Declarant may make and file any amendment hereto required by the Declarant or by the Federal National Mortgage Association or Veteran's Administration or Federal Housing Administration or Federal Home Loan Mortgage Corporation or any governmental body with jurisdiction over the Property, provided said amendment does not materially, adversely affect the rights of a Lot Owner, as determined solely by the Declarant, by an instrument executed only be the Developer. Such amendment need not be signed or executed in the manner otherwise provided for herein.

> The only provisions in the declaration providing for automatic amendment based on legislative action are limited to amendments which are "required" by the plain language of the legislation. Nothing in the language of section 720.3085(2)(b) demonstrates that it is "required" to be adopted by Florida homeowners' associations. Thus, the association cannot argue that section 720.3085, as enacted by the Florida legislature, automatically amended the association's declaration.

The case before us is exactly on point with Pudlit. The joint and several liability of section 720.3085(2)(b) was not incorporated into the terms of the

6

Associations' Declarations. Accordingly, under the language adopted by the Associations in their Declarations, Colfin was not liable for any past due assessments, attorney's fees, or costs of the prior owner when it purchased the property in question at the foreclosure sale, for the reasons set forth in Pudlit.[2]

We thus affirm the trial court's summary final judgment entered in favor of Colfin. We further affirm the trial court's denial of Beacon's motion for rehearing and reconsideration and the denial of Old Cutler's motion for rehearing, as the trial court did not abuse its discretion in denying these motions.

Affirmed.

_____

[2] The Associations claim that language contained in their Declarations asserting that the Associations "have and exercise any and all powers, rights, and privileges which a corporation . . . may now or hereafter exercise," is Kaufman language. However, we do not agree because the language in the Declarations only references what constitutes the legal activities which the Associations can engage in pursuant to Chapter 617, which allows for not-for-profit corporations. As Coflin points out, in order for the Associations' language to be considered Kaufman language, the Associations would have to specifically incorporate the Homeowner's Association Act, as amended from time to time. However, there is no such language in the Associations' Declarations.